UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:

ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]     CASE NO. 17-50799

    DEBTORS     CHAPTER 11

---

EMERGENCY MOTION FOR ORDER PURSUANT
TO BANKRUPTCY RULE 1015(b) DIRECTING JOINT
ADMINISTRATION OF CHAPTER 11 CASES:
ACADIANA MANAGEMENT GROUP, L.L.C., CASE NO. 17-50799;
AMG HOSPITAL COMPANY, L.L.C., CASE NO. 17-50800;
AMG HOSPITAL COMPANY II, L.L.C., CASE NO. 17-50801;
ALBUQUERQUE - AMG SPECIALTY HOSPITAL, L.L.C., CASE NO. 17-50802;
CENTRAL INDIANA - AMG SPECIALTY HOSPITAL, L.L.C., CASE NO. 17-50803;
TULSA - AMG SPECIALTY HOSPITAL, L.L.C., CASE NO. 17-50804;
LTAC HOSPITAL OF LOUISIANA - DENHAM SPRINGS, L.L.C., CASE NO. 17-50805;
LAS VEGAS - AMG SPECIALTY HOSPITAL, L.L.C., CASE NO. 17-50806;
LTAC HOSPITAL OF GREENWOOD, L.L.C., CASE NO. 17-50807;
LTAC OF LOUISIANA, L.L.C., CASE NO. 17-50808;
HOUMA - AMG SPECIALTY HOSPITAL, L.L.C., CASE NO. 17-50809;
LTAC HOSPITAL OF EDMOND, L.L.C., CASE NO. 17-50810;
LTAC HOSPITAL OF WICHITA, L.L.C., CASE NO. 17-50811;
AMG REALTY I, L.L.C., CASE NO. 17-50812;
CHFG ALBUQUERQUE, L.L.C., CASE NO. 17-50813;
AMG REALTY YOUNGSVILLE, L.L.C., CASE NO. 17-50814;

---

Acadiana Management Group, L.L.C.; AMG Hospital Company, L.L.C.; AMG Hospital Company II, L.L.C.; Albuquerque - AMG Specialty Hospital, L.L.C.; Central Indiana - AMG

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

Specialty Hospital, L.L.C.; Tulsa - AMG Specialty Hospital, L.L.C.; LTAC Hospital of Louisiana - Denham Springs, L.L.C.; Las Vegas - AMG Specialty Hospital, L.L.C.; LTAC Hospital of Greenwood, L.L.C.; LTAC of Louisiana, L.L.C.; Houma - AMG Specialty Hospital, L.L.C.; LTAC Hospital of Edmond, L.L.C.; LTAC Hospital of Wichita, L.L.C.; AMG Realty I, L.L.C.; CHFG Albuquerque, L.L.C.; and AMG Realty Youngsville, L.L.C.; debtors and debtors in possession (collectively the "Debtors") hereby move the Court (the "Motion") for entry of an *ex parte* order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing joint administration of the sixteen Chapter 11 cases. In support of the Motion, Debtors state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## BACKGROUND

2. On June 23, 2017 ("Petition date"), Acadiana Management Group, L.L.C. ("AMG") filed a petition for voluntary relief under Chapter 11 of the Bankruptcy Code. Thereafter, on the same date, fifteen (15) of AMG's affiliates filed for Chapter 11 relief, including AMG's real estate holding companies, AMG Realty I, L.L.C., CHFG Albuquerque, L.L.C. and AMG Realty Youngsville, L.L.C. ("Real Estate Affiliates"), AMG's operating entity holding companies, AMG Hospital Company, L.L.C. and AMG Hospital Company II, L.L.C. ("Holding Company Affiliates"), and ten (10) of AMG's affiliated hospital operating companies, Albuquerque - AMG Specialty Hospital, L.L.C., Central Indiana - AMG Specialty Hospital, L.L.C., Tulsa - AMG Specialty

Hospital, L.L.C., LTAC Hospital of Louisiana - Denham Springs, L.L.C., Las Vegas - AMG Specialty Hospital, L.L.C., LTAC Hospital of Greenwood, L.L.C., LTAC of Louisiana, L.L.C., Houma - AMG Specialty Hospital, L.L.C., LTAC Hospital of Edmond, L.L.C., and LTAC Hospital of Wichita, L.L.C. ("Operating Company Affiliates").

3. AMG and its filing affiliates generally own and operate long-term acute care hospitals ("LTACs") and associated real estate for some of the hospitals across the United States. The Operating Company Affiliates operate LTAC hospitals in twelve (12) locations: Wichita, KS, Edmond, OK, Oklahoma City, OK, Tulsa, OK, Greenwood, MS, Albuquerque, NM, Las Vegas, NV, Lafayette, LA, West Greenfield, IN, Muncie, IN, Houma, LA and Denham Springs, LA. Central Indiana - AMG Specialty Hospital, L.L.C. operates the West Greenfield and Muncie, IN hospitals. LTAC Hospital of Edmond, L.L.C. operates the hospitals in Edmond and Oklahoma City, OK. AMG provides management, billing, compliance, legal, financial, and accounting services to the affiliated Debtors, and derives income from the provision of those services.

4. The Chapter 11 filings were necessitated by the effects of the U.S. Centers for Medicaid and Medicare Services ("CMS"), new, more stringent LTAC patient criteria, and a severe rate reduction for non-qualifying patients receiving care at AMG LTAC hospitals. These changes went into effect for AMG and its affiliates in or about September 2016.

5. To summarize these changes, for patients to qualify for the LTAC reimbursement rate of approximately $41,000 for a twenty-five (25) day patient stay, the patient must now spend at least three (3) days in a hospital's intensive care unit or a coronary care unit immediately prior to being admitted to a LTAC, or the patient must require at least 96 hours on a ventilator and have had an acute hospital stay immediately prior to being admitted to a LTAC. For non-qualifying patients, the

twenty-five (25) day reimbursement rate dropped to approximately $11,000.[2]

6.      Prior to filing, AMG and its affiliates undertook cost cutting and other measures to cope with the CMS reimbursement rate changes, but these measures proved to be inadequate within the structure of the long-term debt borne by AMG and its affiliates.  These Chapter 11 cases have been filed to restructure that long-term debt consistent with the current cash flow the Debtors now receive.

7.      Prior to filing, certain AMG Real Estate Affiliates and Holding Company Affiliates were merged and consolidated to reduce the number of Chapter 11 cases that would need to be filed. The mergers, however, preserve the ultimate ownership and debt structure that existed pre-petition.

8.      To briefly describe the mergers, CHFG Edmond, L.L.C., CHFG Wichita, L.L.C., CHFG Denham Springs, L.L.C., CHFG/HPCG Real Estate I, L.L.C., and CFG Healthcare Properties, L.L.C. were all merged into AMG Realty I, L.L.C., as these were all wholly-owned subsidiaries. CHFG Albuquerque, L.L.C. was not merged due to the likelihood of a sale of the hospital property given its current state of maintenance.  AMG Realty Youngsville, L.L.C. was not merged into any other entity as it was not a subsidiary of any other company and the real property which it owns stands for the debt owed to CHCH of Louisiana, L.L.C. and not Bank of Oklahoma and the syndicated lenders who hold mortgages on various debtor properties described below. Additionally, R&H Holdings of Texas, L.L.C., R&H Holdings of New Mexico, L.L.C., R&H of Houma, L.L.C., and R&H of Midwest, L.L.C. were all merged into AMG Hospital Company, L.L.C.  R&H of Indiana, L.L.C., R&H Holdings of Louisiana, L.L.C., R&H Holdings of Tulsa, L.L.C. and AMG

---

[2] For a detailed discussion of financial issues facing LTAC hospitals under new CMS reimbursement rates, see: www.globalcreditportal.com/ratingsdirect/renderArticle.do?articleId=1685955&SctArtId=396412&from=CM&nsl_code

Hospital Company III, L.L.C. were merged into AMG Hospital Company II, L.L.C.

9. AMG, as a management company, also provides services to and derives income from some non-filing affiliates– two rehabilitation hospitals, and two non-filing LTACs. These affiliates are not a party to the long-term debts owed to Bank of Oklahoma, Trustmark National Bank, Eastman National Bank and NBC Oklahoma, who provided syndicated real estate loans and lines of credit to all of the operating entity Debtors and most of the real estate holding company Debtors, and CHCT of Louisiana, L.L.C., who provided a real estate loan to AMG Realty Youngsville, L.L.C., which has been guaranteed by AMG and some of the other affiliates.

10. The following is a summary of the debt structure of the largest secured creditors in the Debtors' cases, after the above-described mergers:

    A. Bank of Oklahoma real estate loan - $28,800,000.00

        1. Borrowers holding real property mortgaged to secure the loan:
            a. AMG Realty I, L.L.C.
            b. CHFG Albuquerque, L.L.C.

        2. Guarantors:
            a. Acadiana Management Group, L.L.C.
            b. AMG Hospital Company, L.L.C.
            c. AMG Hospital Company II, L.L.C.

        3. Lenders:
            a. BOK, NA $14,117,647.06
            b. Trustmark $10,558,235.29
            c. Eastman $2,117,647.06
            d. NBC Oklahoma $1,976,470.59

    B. Bank of Oklahoma operating line of credit - $14,000,000(excluding Greenwood)

        1. Borrowers granting a general security interest to secure the loan:
            a. LTAC Hospital of Edmond, L.L.C.
            b. LTAC Hospital of Wichita, L.L.C.
            c. Albuquerque - AMG Specialty Hospital, L.L.C.

  d. LTAC of Louisiana - Denham Springs, L.L.C.
  e. LTAC of Louisiana, L.L.C.
  f. Houma - AMG Specialty Hospital, L.L.C.
  g. Central Indiana - AMG Specialty Hospital, L.L.C.
  h. Tulsa - AMG Specialty Hospital, L.L.C.
  i. Las Vegas - AMG Specialty Hospital, L.L.C.

 2. Guarantors:
  a. AMG Hospital Company, L.L.C.
  b. AMG Hospital Company II, L.L.C.
  c. Acadiana Management Group, L.L.C.

 3. Lenders:
  a. BOK, NA $6,862,744.00
  b. Trustmark $5,147,058.00
  c. Eastman $1,029,406.00
  d. NBC Oklahoma $960,792.00

C. Bank of Oklahoma operating line of credit for LTAC Hospital of Greenwood, L.L.C. - $1,000,000.00

 1. Borrower granting security interest to secure the loan:
  a. LTAC of Greenwood, L.L.C.

 2. Guarantors:
  a. AMG Hospital Company, L.L.C.
  b. AMG Hospital Company II, L.L.C.
  c. Acadiana Management Group, L.L.C.
  d. AMG Realty I, L.L.C.

 3. Lenders:
  a. BOK, NA $490,196.00
  b. Trustmark $367,647.00
  c. Eastman $73,529.00
  d. NBC Oklahoma $68,628.00

D. CHCT of Louisiana, L.L.C. - real estate loan on Youngsville building - $11,000,000.00

 1. Borrower granting mortgage and other security interest to secure the loan:
  a. AMG Realty Youngsville, L.L.C.

2. Guarantors:
   a. Acadiana Management Group, L.L.C.
   b. AMG Hospital Company, L.L.C.
   c. AMG Hospital Company II, L.L.C.
   d. LTAC of Louisiana, L.L.C.

Additionally, AMG and possibly other affiliates may be co-obligors on certain trade debts and leases incurred by the operating company affiliates.

11. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee examiner or statutory committee has been appointed in the Debtors' Chapter 11 cases.

12. Ownership of the Debtors is as follows:

   A. **Acadiana Management Group, L.L.C.** is owned by August J. Rantz, IV, and Timothy W. Howard. August J. Rantz, IV, and Timothy W. Howard each own 50% of Acadiana Management Group, L.L.C.

   B. **AMG Hospital Company, L.L.C.** is owned by August J. Rantz, IV, and Timothy W. Howard. August J. Rantz, IV, and Timothy W. Howard each own 50% of AMG Hospital Company L.L.C.

   C. **Albuquerque - AMG Specialty Hospital, L.L.C.** is owned by AMG Hospital Company, L.L.C.

   D. **AMG Hospital Company II, L.L.C.** is owned by Rantz IV Enterprises, L.L.C. and Timothy W. Howard. Rantz IV Enterprises, L.L.C. and Timothy W. Howard each own 50% of AMG Hospital Company II, L.L.C.

   E. **Central Indiana - AMG Specialty Hospital, L.L.C.** is owned by AMG Hospital Company II, L.L.C.

F.  **Tulsa - AMG Specialty Hospital, L.L.C.** is owned by AMG Hospital Company II, L.L.C. and a third party.  AMG Hospital Company II, L.L.C. owns 99% of Tulsa-AMG Specialty Hospital, L.L.C.

G.  **LTAC Hospital of Louisiana - Denham Springs, L.L.C.** is owned by AMG Hospital Company II, L.L.C. and a third party.  AMG Hospital Company II, L.L.C. owns 97% of LTAC Hospital of Louisiana - Denham Springs, L.L.C.

H.  **Las Vegas - AMG Specialty Hospital, L.L.C.** is owned by AMG Hospital Company II, L.L.C. and a third party.  AMG Hospital Company II, L.L.C. owns 99% of Las Vegas - AMG Specialty Hospital, L.L.C.

I.  **LTAC Hospital of Greenwood, L.L.C.** is owned by AMG Hospital Company, L.L.C. and a third party.  AMG Hospital Company, L.L.C. owns 86.38% of LTAC Hospital of Greenwood, L.L.C.

J.  **LTAC of Louisiana, L.L.C.** is owned by August J. Rantz, IV, and Timothy W. Howard.

K.  **Houma - AMG Specialty Hospital, L.L.C.** is owned by AMG Hospital Company, L.L.C.

L.  **LTAC Hospital of Edmond, L.L.C.** is owned by AMG Hospital Company, L.L.C.

M.  **LTAC Hospital of Wichita, L.L.C.** is owned by AMG Hospital Company, L.L.C.

N.  **AMG Realty I, L.L.C.** is owned by Timothy W. Howard, August J. Rantz, IV, and Rantz IV Enterprises, L.L.C.  Timothy W. Howard owns 50% of

AMG Realty I, L.L.C. August J. Rantz, IV, owns 33 1/3% of AMG Realty I, L.L.C. Rantz IV Enterprises, L.L.C. owns 16 2/3% of AMG Realty I, L.L.C.

O. **CHFG Albuquerque, L.L.C.** is owned by Timothy W. Howard, August J. Rantz, IV, and Rantz IV Enterprises, L.L.C. Timothy W. Howard owns 50% of CHFG Albuquerque, L.L.C. August J. Rantz, IV, owns 33 1/3% of CHFG Albuquerque, L.L.C. Rantz IV Enterprises, L.L.C. owns 16 2/3% of CHFG Albuquerque, L.L.C.

P. **AMG Realty Youngsville, L.L.C.** is owned by Timothy W. Howard, August J. Rantz, IV, and Rantz IV Enterprises, L.L.C. Timothy W. Howard owns 50% of AMG Realty Youngsville, L.L.C. August J. Rantz, IV, owns 33 1/3% of AMG Realty Youngsville, L.L.C. Rantz IV Enterprises, L.L.C. owns 16 2/3% of AMG Realty Youngsville, L.L.C.

### Relief Requested

13. By this Motion, Debtors respectfully request that their cases be jointly administered and consolidated for procedural purposes only. Debtors submit that such relief is consistent with the Bankruptcy Code and the Bankruptcy Rules, and is in the best interest of Debtors and all parties in interest.

### Joint Administration Is Warranted

14. Bankruptcy Rule 1015(b) provides that if two or more petitions for relief are pending in the same court by or against a debtor and its affiliate, the court may order joint administration of the cases to "aid in expediting the cases and rendering the process less costly."

15. All of the Debtors, with the exception of AMG Realty Youngsville, L.L.C., are liable *in solido* for one or more of the Bank of Oklahoma syndicated lines of credit and/or the Bank of Oklahoma syndicated real estate loan.

16. If the Debtors are not jointly administered, separate motions to use cash collateral will have to be filed in multiple different cases, and plan treatment for the Bank of Oklahoma syndicated lines of credit and real estate loan will have to be negotiated in separate cases.

17. Acadiana Management Group, L.L.C., and other affiliates have guaranteed the debts of affiliates on the Bank of Oklahoma syndicated lines of credit and real estate loan, as well as the mortgage debt of CHCT Louisiana, L.L.C.

18. The Debtors are "affiliates" as that term is defined in Bankruptcy Rule 101(2) and 1015(b), and joint administration in this case is warranted.

19. Joint administration will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders, thereby saving the Debtors considerable expense and resources. The rights of creditors will not be adversely affected as this Motion requests only administrative, and not substantive, consolidation of estates. Moreover, each creditor may still file its claim against a particular estate. Indeed, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these Chapter 11 cases by the United States Trustee for the Western District of Louisiana will be simplified.

20. For the foregoing reasons, joint administration is urgently needed. The administration of AMG Hospital Company, L.L.C.; AMG Hospital Company II, L.L.C.; Albuquerque - AMG

Specialty Hospital, L.L.C.; Central Indiana - AMG Specialty Hospital, L.L.C.; Tulsa - AMG Specialty Hospital, L.L.C.; LTAC Hospital of Louisiana - Denham Springs, L.L.C.; Las Vegas - AMG Specialty Hospital, L.L.C.; LTAC Hospital of Greenwood, L.L.C.; LTAC of Louisiana, L.L.C.; Houma - AMG Specialty Hospital, L.L.C.; LTAC Hospital of Edmond, L.L.C.; LTAC Hospital of Wichita, L.L.C.; AMG Realty I, L.L.C.; CHFG Albuquerque, L.L.C.; and AMG Realty Youngsville, L.L.C., should be joined with the administration of Acadiana Management Group, L.L.C.

21. Further, Debtors respectfully request that the caption of their cases be modified to reflect the joint administration of these Chapter 11 cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **IN RE:** | **CASE NO. 17-50799** |
| **ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.*** | **CHAPTER 11** |
| **DEBTORS** | **JOINTLY ADMINISTERED** |

* AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

22. Debtors request a docket entry be made in each of the above-captioned cases substantially as follows (along with such other information deemed necessary by the Clerk):

> An Order has been entered in this case directing the procedural consolidation and joint administration of the following Chapter 11

cases: Acadiana Management Group, L.L.C.; AMG Hospital Company, L.L.C.; AMG Hospital Company II, L.L.C.; Albuquerque - AMG Specialty Hospital, L.L.C.; Central Indiana - AMG Specialty Hospital, L.L.C.; Tulsa - AMG Specialty Hospital, L.L.C.; LTAC Hospital of Louisiana - Denham Springs, L.L.C.; Las Vegas - AMG Specialty Hospital, L.L.C.; LTAC Hospital of Greenwood, L.L.C.; LTAC of Louisiana, L.L.C.; Houma - AMG Specialty Hospital, L.L.C.; LTAC Hospital of Edmond, L.L.C.; LTAC Hospital of Wichita, L.L.C.; AMG Realty I, L.L.C.; CHFG Albuquerque, L.L.C.; and AMG Realty Youngsville, L.L.C. The docket of the case of Acadiana Management Group, L.L.C., Case No. 17-50799, should be consulted for all matters affecting this case.

23. Debtors also request that the Court enter an Order that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted, and not in the jointly-administered case.

## Applicable Authority

24. The relief requested herein is specifically authorized by Bankruptcy Rule 1015(b). *See* Advisory Committee Notes to Rule 1015(b). In addition, joint administration has been granted by numerous other courts, and is not unusual in cases such as the present matter. *See Matter of Tampa Bay Associates, Ltd.,* 864 F.2d 47 (5th Cir. 1989); *In re McKenzie Energy Corp.,* 228 BR 854 (Bankr. S.D. Tx. 1998); *In re Eagle Bus Mfg., Inc.,* 134 BR 584 (Bankr. S.D. Tx. 1991); *Matter of DRW Property Co.* 82, 57 BR 987 (Bankr. N.D. Tx. 1986); *In re UAL Corporation, et al.,* Case No. 02-48191 (Bankr. N.D. Il., Dec. 9, 2002); and *In re Kmart Corporation, et al.,* Case No. 02-02474 (Bankr. N.D. Il. Jan 25, 2002).

## Notice

25. Notice of this Motion has been given to: (a) the United States Trustee, (b) known counsel to all parties in interest; and (c) those parties listed on the Debtors' Lists of Creditors

Holding 20 Largest Unsecured Claims. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## No Prior Request

26. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, authorizing the joint administration of Debtors' bankruptcy cases and granting such other and further relief as the Court deems appropriate.

Alexandria, Louisiana, this 23rd day of June, 2017.

Respectfully submitted,

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: **/s/Bradley L. Drell**
Bradley L. Drell (Bar Roll #24387)
Heather M. Mathews (Bar Roll # 29967)
B. Gene Taylor, III (Bar Roll #33407)
P. O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
e-mail: bdrell@goldweems.com

**ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION: ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.**

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

IN RE:

**ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]**   CASE NO. _____

        **DEBTOR**   **CHAPTER 11**

---

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *Emergency Motion for Order Pursuant to Bankruptcy Rule 1015(b) Directing Joint Administration of Chapter 11 Cases* on the following:

1. Office of the United States Trustee, Gail McCulloch, via email Gail.McCulloch@usdoj.gov;

2. BOKF, NA, as Administrative Agent for BOKF, NA dba Bank of Oklahoma, Eastman National Bank, NBC Oklahoma and Trustmark National Bank, via facsimile notice to fax number 405-272-2588, Attn: Brian Warden, and regular mail, BOKF, NA dba Bank of Oklahoma, Attn: Brian Warden, Commerce Center, 9250 North May Ave., Oklahoma City, OK, 73102; and

3. The twenty (20) largest creditors each of the Debtors' cases as shown on the attached mailing list by placing a copy of same in the United States Mail, postage prepaid.

Alexandria, Louisiana, this 23rd day of June, 2017.


           **/s/Bradley L. Drell**
           OF COUNSEL

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814