UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:

ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]   CASE NO. 17-50799

DEBTORS   CHAPTER 11

## SUPPLEMENTAL SCHEDULE

1.

Does any debtor have any affiliates as defined by 11 U.S.C. § 101(2)? Affiliate is defined as:

A)  Entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities--

    1) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

    2) solely to secure a debt, if such entity has not in fact exercised such power to vote;

B)  Corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities--

    1) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

    2)    solely to secure a debt, if such entity has not in fact exercised such power to vote;

  C)    Person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

  D)    Entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

If any debtor in this case has any affiliates as defined by 11 U.S.C. § 101(2), list the affiliate(s) and explain the relationship between debtor and the affiliate(s). If no debtor has any such affiliates, do not answer the remainder of this Schedule.

**ANSWER TO NUMBER 1:**

*Yes, and all but two corporate affiliates have filed bankruptcy cases in this district and division, and joint administration has been requested. AMG Hospital Company II, LLC, owns 70.59% of LTAC Hospital of Feliciana, LLC, and owns 50% of North Alabama - AMG Specialty Hospital, LLC. LTAC of Washington - St. Tammany, LLC was an affiliate of the Debtors prior to its Chapter 11 case (see Case # 15-51028), being converted to one under Chapter 7, which is still pending before this Court. August J. Rantz, IV, either individually or through Rantz IV Enterprises, LLC (which in turn is owned by Grantor Retained Annuity Trusts controlled by Mr. Rantz) and Timothy Howard would also be considered affiliates of the Debtors, as their ultimate owners.*

2.

Has any affiliate ever filed for bankruptcy? If yes, list the affiliate(s) and the date and court for each bankruptcy petition and the chapter under which the petition was filed. If any affiliate files after this schedule is filed, debtor's counsel must amend this schedule and notice all creditors and the judge assigned to the case.

**ANSWER TO NUMBER 2:**

*Yes. See answer to Question 1.*

3.

Has any affiliate guaranteed any debt of debtor(s) or has the debtor guaranteed any debt of any affiliate? If yes, list the name of the affiliate, the amount of the guarantee, the date of the guarantee, the name of the guarantor, the name of the debtor, and whether any security interest was given by debtor or the affiliate to secure the guarantee. Give this information for every guarantee outstanding at the time of the debtor's Chapter 11 petition, and every guarantee outstanding within 18 months before the petition was filed.

**ANSWER TO NUMBER 3:**

- A.     Bank of Oklahoma real estate loan - $28,800,000.00

  1. Borrowers holding real property mortgaged to secure the loan:
     - a. AMG Realty I, LLC
     - b. CHFG Albuquerque, LLC

  2. Guarantors:
     - a. Acadiana Management Group, LLC
     - b. AMG Hospital Company, LLC
     - c. AMG Hospital Company II, LLC

  3. Lenders:
     - a. BOK, NA $14,117,647.06
     - b. Trustmark $10,558,235.29
     - c. Eastman $2,117,647.06
     - d. NBC Oklahoma $1,976,470.59

- B.     Bank of Oklahoma operating line of credit - $14,000,000(excluding Greenwood)

  1. Borrowers granting a general security interest to secure the loan:
     - a. LTAC Hospital of Edmond, LLC
     - b. LTAC Hospital of Wichita, LLC
     - c. Albuquerque - AMG Specialty Hospital, LLC
     - d. LTAC of Louisiana - Denham Springs, LLC

  e.  LTAC of Louisiana, LLC
  f.  Houma - AMG Specialty Hospital, LLC
  g.  Central Indiana - AMG Specialty Hospital, LLC
  h.  Tulsa - AMG Specialty Hospital, LLC
  i.  Las Vegas - AMG Specialty Hospital, LLC

 2. Guarantors:
  a.  AMG Hospital Company, LLC
  b.  AMG Hospital Company II, LLC
  c.  Acadiana Management Group, LLC

 3. Lenders:
  a.  BOK, NA $6,862,744.00
  b.  Trustmark $5,147,058.00
  c.  Eastman $1,029,406.00
  d.  NBC Oklahoma $960,792.00

C. Bank of Oklahoma operating line of credit for LTAC Hospital of Greenwood, LLC - $1,000,000.00

 1. Borrower granting security interest to secure the loan:
  a.  LTAC of Greenwood, LLC

 2. Guarantors:
  a.  AMG Hospital Company, LLC
  b.  AMG Hospital Company II, LLC
  c.  Acadiana Management Group, LLC
  d.  AMG Realty I, LLC

 3. Lenders:
  a.  BOK, NA $490,196.00
  b.  Trustmark $367,647.00
  c.  Eastman $73,529.00
  d.  NBC Oklahoma $68,628.00

D. CHCT of Louisiana, LLC - real estate loan on Youngsville building - $11,000,000.00

 1. Borrower granting mortgage and other security interest to secure the loan:
  a.  AMG Realty Youngsville, LLC

 2. Guarantors
  a.  Acadiana Management Group, LLC
  b.  AMG Hospital Company, LLC

        c.        *AMG Hospital Company II, LLC*
        d.        *LTAC of Louisiana, LLC*

*Timothy Howard and August J. Rantz, IV have granted security interests to CHCT Louisiana, LLC, in Rantz and Howard's membership interests in LTAC of Louisiana, LLC.*

*Lastly, AMG and possibly other affiliates may be co-obligors on certain trade debts and leases incurred by the operating company affiliates.*

4.

Has any affiliate extended credit, received credit, or otherwise established a debtor-creditor relationship with debtors(s)? If yes, list the name of the affiliate, the amount of the loan, the date the loan was made, the repayments made on the loan, and the type of security interest, if any, involved in the loan. Give this information for all loans that have been made and fully paid off within 18 months preceding this Chapter 11 filing and for all loans outstanding at the time of the filing.

**ANSWER TO NUMBER 4:**

*Yes. Acadiana Management Group, LLC, has loaned money on an unsecured basis to its affiliates from time to time and has accrued unpaid management fees from its affiliates. Further disclosures in this regard will be made when the schedules are filed.*

5.

Has any debtor in this case granted any security interest in any property to secure any debts of any affiliate other than as provided in Questions 3 and 4? Has any affiliate granted any security interest in any property to secure any debts of any debtor other than as provided in Questions 3 and 4? If yes, list the affiliate, the debtor, the collateral, the date and nature of the security interest, the creditor to whom it was granted, and the current balance of the underlying debt.

**ANSWER TO NUMBER 5:**

*No.*

6.

Has any affiliate engaged in any other transaction with any debtor in this case during the past 18 months? If yes, briefly describe the transaction(s).

**ANSWER TO NUMBER 6:**

*Yes. Acadiana Management Group, LLC has received management fees and expense reimbursements from the other Debtors, pursuant to contracts. August J. Ranzt, IV and Timothy Howard own management companies that receive compensation in the approximate amount of $54,166.67 each from Acadiana Management Group, LLC for the services they provide as President and CEO of the Debtors, which will be disclosed in a Motion for Insider Compensation which will be filed with the Court shortly.*

7.

List the name and address of any affiliate who potentially is a "responsible party" for unpaid taxes of any debtor in this case. State the estimated amount of such taxes owed at the time of the Chapter 11 filing.

**ANSWER TO NUMBER 7:**

*None owed.*

8.

Identify any affiliates employed by the debtor and describe the function or role they perform. Identify any relative or partner or equity security holder employed by the debtor and describe the function or role performed and the amount of compensation received.

**ANSWER TO NUMBER 8:**

*See answer to Question 6.*

9.

List all circumstances under which proposed counsel or proposed counsel's law firm has represented an affiliate during the past 18 months. List any position other than legal counsel which proposed counsel holds in either the debtor or affiliate including corporate officer, director, or employee. List any amount owed by the debtor or the affiliate to proposed counsel or counsel's law firm at the time of filing, and also amounts paid within 18 months before filing.

**ANSWER TO NUMBER 9:**

*Proposed counsel represented LTAC of Washington - St. Tammany, LLC in Case No. 15-51208 before this Court, which is pending as a Chapter 7 case after being converted from Chapter 11 on February 5, 2016. Proposed counsel has not received any funds in this case in the last 18 months and proposed counsel has written off any balance owed.*

*Proposed counsel has represented the Debtors in preparation for the filing of these cases, and received $100,000.00 prior to filing, which was deposited in counsel's trust account. Immediately prior to filing, proposed counsel disbursed $64,926.89 to Gold, Weems, Bruser, Sues & Rundell for fees and expenses incurred prior to filing, disbursed $4,212.44 to Bradley L. Drell on account of his personal credit card payment to Simms Showers, LLP, Gold's local counsel in Maryland for fees and expenses incured regarding the mergers of some of the Debtors real estate holding companies who were domiciled in Maryland, with the mergers being effective on midnight of the day of filing, and $27,472 in filing fees to the Clerk of the Bankruptcy Court, with a remaining balance of $3,388.67 still in counsel's trust account.*

Alexandria, Louisiana, on this date 23rd day of June, 2017.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By:    **/s/Bradley L. Drell**
        Bradley L. Drell (Bar Roll #24387)
        Heather M. Mathews (Bar Roll # 29967)
        B. Gene Taylor, III (Bar Roll #33407)
        P. O. Box 6118
        Alexandria, LA 71307-6118
        Telephone: (318) 445-6471
        Facsimile: (318) 445-6476
        e-mail: bdrell@goldweems.com

**ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION: ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

IN RE:

ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]    CASE NO. 17-50799

        DEBTORS    CHAPTER 11

---

**CERTIFICATE OF SERVICE**

This is to certify that the Supplemental Schedule was served on the Office of the United States Trustee, 300 Fannin Street, 3196 Federal Building, Shreveport, Louisiana 71101, by placing a copy of same in the United States Mail, postage prepaid.

Alexandria, Louisiana, on this date 23rd day of June, 2017.

                                            /s/Bradley L. Drell
                                            OF COUNSEL

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814