**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION**

IN RE:

**ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]**      **CASE NO. 17-50799**

   **DEBTORS**                                                                                 **CHAPTER 11**

---

**MOTION FOR EMERGENCY ORDER AUTHORIZING
USE OF CASH COLLATERAL AND FOR FINAL ORDER AFTER
A FINAL HEARING ON THE USE OF CASH COLLATERAL**

**NOW INTO COURT**, through the undersigned counsel, comes Acadiana Management Group, L.L.C., Albuquerque - AMG Specialty Hospital, L.L.C., Central Indiana - AMG Specialty Hospital, L.L.C., Tulsa - AMG Specialty Hospital, L.L.C., LTAC Hospital of Louisiana - Denham Springs, L.L.C., Las Vegas - AMG Specialty Hospital, L.L.C.,, LTAC of Louisiana, L.L.C., Houma - AMG Specialty Hospital, L.L.C., LTAC Hospital of Edmond, L.L.C., LTAC Hospital of Wichita, L.L.C., and LTAC Hospital of Greenwood, L.L.C. (collectively, the "Movants"), who, pursuant to 11 U.S.C. §§ 105, 363 and 364, and Federal Rules of Bankruptcy Procedure 2002, 4001 and 9014 moves this Court for an entry of interim and final orders authorizing the Debtors to use cash and accounts receivables which may be cash collateral and providing adequate protection for the same, and respectfully represent as follows:

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

1.

**JURISDICTION**

This Court has jurisdiction over the instant Chapter 11 cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding as defined in 28 U.S.C. §157(b)(2).

2.

**BACKGROUND**

On June 23, 2017 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code §§1107 and 1108. No trustee or examiner has been appointed, and no unsecured creditors' committee has been established.

3.

Made Respondents herein are BOKF, NA dba Bank of Oklahoma, Eastman National Bank, NBC Oklahoma and Trustmark National Bank (hereinafter collectively referred as "Respondents").

4.

Originating pre-petition, Respondents are the lenders on two (2) lines of credit to the Debtors, namely a $14,000,000 line of credit on which LTAC Hospital of Edmond, L.L.C., LTAC Hospital of Wichita, L.L.C., Albuquerque - AMG Specialty Hospital, L.L.C., LTAC Hospital of Louisiana - Denham Springs, L.L.C., LTAC of Louisiana, L.L.C., Houma - AMG Specialty Hospital, L.L.C., Central Indiana - AMG Specialty Hospital, L.L.C., Tulsa - AMG Specialty Hospital, L.L.C., and Las Vegas - AMG Specialty Hospital, L.L.C. are the borrowers (collectively "Borrowers") and a $1,000,000 line of credit issued to LTAC Hospital of Greenwood, L.L.C. (hereinafter "Greenwood"). The Borrowers and Greenwood granted general security interests to the Respondents which cover,

inter alia, the Borrowers and Greenwood's cash, bank accounts and accounts receivables, which will constitute cash collateral of the Respondents under 11 U.S.C. § 363.

5.

Further, Acadiana Management Group, L.L.C., guaranteed both lines of credit and granted Respondents assignments of its management contracts with the Borrowers and Greenwood ostensibly to secure those respective lines of credit, the proceeds of which arguably constitute cash collateral to the Respondents under 11 U.S.C. § 363.

6.

Prior to the bankruptcy filings, the Respondents had not declared the lines of credit in default, and had borrowed approximately 75% of the value of the collateral securing the lines of credit.

**RELIEF REQUESTED**

7.

Through this Motion, the Debtors, and, specifically, the Borrowers, Greenwood and Acadiana Management Group, LLC seek this Court's authorization to use cash which may be "cash collateral" as defined in 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b), and provide adequate protection retroactive to the Petition Date.

8.

In addition, the Debtors are seeking an immediate emergency preliminary hearing on the Motion to consider entry of an interim order pursuant to Federal Rule of Bankruptcy Procedure 4001 approving the use of Cash Collateral and adequate protection for the same as to Respondents retroactive to the Petition Date.

9.

In due course, the Debtors are requesting that a final hearing be scheduled on the use of cash

collateral and adequate protection, and that notice procedures with respect to the final hearing be established by this Court for the same.

10.

The Debtors require use of the proceeds of all accounts receivable and cash on hand and in their bank accounts in the ordinary course of the Debtors' businesses to pay expenses of operations incurred during the course of these Chapter 11 proceedings. Upon information and belief, the Respondents will contend that the proceeds of all accounts receivable and the cash on hand and in the bank accounts of the Borrowers and Greenwood are collateral for the lines of credit, along with any proceeds of the management contracts between the Borrowers and Greenwood and Acadiana Management Group, LLC, and that the Respondents would be entitled to adequate protection for any use of the proceeds of aforementioned cash collateral.

11.

The Debtors show that the indebtedness to the Respondents is approximately $15 million inclusive of both lines of credit. The Debtors maintain that, due to the loan agreements governing the lines of credit, that the Respondents' lines of credits have a loan to value ratio of 3 to 4, meaning that Respondents have only loaned funds of up to 75% of the value of the collateral given to secure the lines of credit. However, to the extent that the proceeds of all accounts receivable and cash on hand constitute cash collateral and the Respondents' liens thereon are not subject to avoidance or subordination, and adequate protection is determined to be required, the Debtors propose to grant Respondents replacement liens on the Debtors' post- petition accounts receivable and cash on hand, retroactive to the Petition Date, as adequate protection for the Debtors' use of the proceeds of all accounts receivable and the cash on hand to the extent that the same are cash collateral, and only to the extent of the actual diminution of the value of the Respondents' valid, enforceable security

interests in the Debtors' assets.

10.

Notwithstanding the granting of the replacement lien, the Debtors shall be authorized to use the proceeds of pre- and post-petition accounts receivable and cash on hand and in bank accounts to pay all post-petition expenses of operation of the Debtors' hospitals in the ordinary course of business and to make other expenditures outside the ordinary course of business as may be authorized by this Court.

11.

A preliminary budget is attached hereto as Exhibit "A", which include long term projections including the proposals to make payments to the Respondents on the secured indebtedness. To summarize, the Debtors, as to regards to the lines of credits, would propose making interest only payments on the two lines of credit beginning August 1, 2017.

12.

Furthermore, the Debtors propose that all legal and equitable rights, if any, of the Debtors and Respondents are preserved and deemed not waived by the entry of either interim or final orders regarding the use of cash collateral, including but not limited to: the Debtors' rights to seek a surcharge under 11 U.S.C. § 506(c); the right of Respondents to object to any future requests for authorization to use of cash collateral; the right of Respondents to resist and defend any attempts to seek a surcharge under 11 U.S.C. § 506(c) or to assert rights of setoff, compensation and/or recoupment under 11 U.S.C. § 553 or otherwise; the Debtors' rights to assert that the proceeds of all accounts receivable and cash on hand do not constitute "cash collateral" as defined in 11 U.S.C § 363, and that Respondents are not entitled to adequate protection for the use thereof; and the Debtors' rights under 11 U.S.C. §§ 510, 544, 545, 547, 548, 549, 550, 551, and 552 to avoid and/or

prime any lien of the Respondents on the proceeds of all accounts receivable and cash.

13.

The Debtors would also propose to provide to the Respondents a report on the expenditures made to any cash collateral Order made pursuant this Motion on the twentieth (25th) day of the month following the month in which the expense has been made, with the Debtors being allowed to use the Monthly Operating Report forms required by the Office of the U.S. Trustee as a sufficient submission in this regard.

14.

Federal Rule of Bankruptcy Procedure 4001(b)(2) provides this court may conduct a preliminary hearing on the instant motion before expiration of the fourteen (14) day notice period for motions to use of cash collateral and may authorize the emergency use of cash collateral to the extent necessary to avoid immediate and irreparable harm to a debtors' estates pending the final hearing. Pending a final hearing on this Motion, the Debtors must use cash collateral to maintain their operations until such final hearing is actually conducted.

15.

The Debtors would show that their primary business is the operation of long term acute care hospitals which serve patients that require care; the denial of immediate relief by way of use of cash collateral to provide these services would result in the abrupt closure of all of the Debtors' hospitals, and would cease the process by which Acadiana Management Group, LLC, on behalf of all of the Debtors, bills and collects accounts receivables for the various hospitals. Without emergency and immediate relief by way of use of cash collateral, the Debtors' estates and creditors would be irreparably harmed.

16.

The Debtors would further request that this Court set a Final Hearing on this Motion on at least fourteen (14) days notice after service of the Motion.

17.

A copy of the proposed Order Authorizing the Emergency Use of Cash Collateral on an Interim Basis is attached hereto as Exhibit "B".

18.

Pursuant to Federal Rule of Bankruptcy Procedure 4001, notice of the Preliminary Hearing and the relief requested on this Motion will be given to (i) the Office of the United States Trustee through Gail McCulloch, Esquire by email; (ii) Respondents through BOKF, NA, as administrative agent for all of the Respondents, via facsimile to fax number 405-272-2588, Attn: Brian Warden and Robert Dudley; and, (iii) all creditors shown on the list of the twenty (20) largest creditors filed in each of the Debtors' cases by regular U.S. Mail. No creditor's committee has been appointed in these Chapter 11 cases. Under the circumstances, such notice of the preliminary hearing and the relief requested in the Motion comply with the requirements of 11 U.S.C. §§ 363, 364, and Federal Rules of Bankruptcy Procedure 2002 and 4001.

19.

The Debtors would also propose to give notice of the final hearing on this Motion on the parties served with notice of the preliminary hearing as mentioned in the previous paragraph, along with any statutory committee appointed pursuant to 11 U.S.C. § 1102, if such committee is appointed prior to the final hearing.

20.

The Debtors would also request that the Court order that objections to the entry of a final

order on this Motion shall be in writing and filed with the Clerk of the Bankruptcy Court with a copy contemporaneously served upon the attorney for the Debtors. The Debtors would further ask that any objections by creditor or other parties in interest to any provisions of the proposed final order shall be deemed waived unless filed and served in accordance with this paragraph.

**WHEREFORE**, Debtors respectfully request that this Court, after the emergency preliminary hearing requested herein, enter an Interim Order as opposed herein, that the Court schedule a final hearing on the Motion and a final date for filing objections thereto, and authorize the use of cash which may constitute cash collateral and grant adequate protection to the Respondents for same retroactive to the Petition Date, and approve the manner of notice set forth herein on the preliminary hearing and final hearing on this Motion, and, after the final hearing, enter a final order in a form substantially identical to the interim order with respect to use of cash collateral and adequate protection for same, and to grant to Debtors such other and further relief as is justified in the premises.

Alexandria, Louisiana, this 23rd day of June, 2017.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: /s/**Bradley L. Drell**
Bradley L. Drell (Bar Roll #24387)
Heather M. Mathews (Bar Roll # 29967)
B. Gene Taylor, III (Bar Roll #33407)
P. O. Box 6118
Alexandria, LA   71307-6118
Telephone: (318) 445-6471
Facsimile:  (318) 445-6476
e-mail: bdrell@goldweems.com

**ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION: ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:

**ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]**   **CASE NO. 17-50799**

       **DEBTORS**   **CHAPTER 11**

---

**CERTIFICATE OF SERVICE**

This is to certify that the ***Motion for Emergency Order Authorizing Use Cash Collateral, and for Final Order After a Final Hearing on the Use of Cash Collateral*** was served on the following:

1. Office of the United States Trustee, Gail McCulloch, via email Gail.McCulloch@usdoj.gov;

2. BOKF, NA, as Administrative Agent for BOKF, NA dba Bank of Oklahoma, Eastman National Bank, NBC Oklahoma and Trustmark National Bank, via facsimile notice to fax number 405-272-2588, Attn: Brian Warden, and regular mail, BOKF, NA dba Bank of Oklahoma, Attn: Brian Warden and Robert Dudley, Commerce Center, 9250 North May Ave., Oklahoma City, OK, 73102; and

3. The twenty (20) largest creditors each of the Debtors' cases as shown on the attached mailing list by placing a copy of same in the United States Mail, postage prepaid.

Alexandria, Louisiana, this 23rd day of June, 2017.

                                  **/s/Bradley L. Drell**
                                      OF COUNSEL

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814