UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:

ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]     CASE NO. 17-50799

DEBTORS                                            CHAPTER 11

_____

**MOTION OF THE DEBTORS PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE FOR AN INTERIM ORDER AUTHORIZING PAYMENT OF PRE-PETITION CLAIMS OF CRITICAL VENDORS AND FOR FINAL ORDER AFTER FINAL HEARING ON CRITICAL VENDORS**

The above-captioned debtors, as Debtors and Debtors in Possession (collectively, the "Debtors"), respectfully represents:

**Jurisdiction**

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Sections 105, 363, 503, 1107(a) and 1108 of the Bankruptcy Code authorize the relief requested in this Motion.

**Background**

2.  On June 23, 2017, (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their business and manage their properties as debtors in possession

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## Relief Requested

3. By this Motion, the Debtors seek entry of an interim order authorizing the Debtors to pay certain prepetition claims of Critical Vendors (the "Critical Vendor Claims") that are essential to the Debtors' business operations based on the classification of criticality performed by the Debtors herein.

4. In due course, the Debtors are requesting that a final hearing be scheduled regarding the necessity of payment of additional Critical Vendors and that notice procedures with respect to the final hearing be established by this Court for the same.

## Critical Vendor Claims

5. As more fully set forth in the Declaration of First Day Motions by President of Acadiana Management Group, LLC – August J. Rantz, IV – Acadiana Management Group, LLC ("AMG") and its filing affiliates own and operate long term care acute hospitals and associated real estate for some of these hospitals across the United States.

6. The AMG affiliates operate Long Term Acute Care ("LTAC") hospitals in twelve (12) locations: Wichita, KS, Edmond, OK, Oklahoma City, OK, Tulsa, OK, Greenwood, MS, Albuquerque, NM, Las Vegas, NV, Lafayette, LA, West Greenfield, IN, Muncie, IN, Houma, LA and Denham Springs, LA. Central Indiana - AMG Specialty Hospital, LLC operates the West Greenfield and Muncie, IN hospitals. LTAC Hospital of Edmond, LLC operates the hospitals in Edmond and Oklahoma City, OK.

7. AMG provides management, billing, compliance, legal, financial, and accounting services to the affiliated Debtors, and derives income from the provision of those services.

8. Naturally, the Debtors require the goods and services of numerous Critical Vendors for which those goods and services constitute an integral part of the Debtors' business that could not continue in the absence thereof.

9. The Debtors propose certain payment provisions based on the classification of criticality of vendors, which adoption thereof would cause minimal disruption or loss of productivity and value and serve a critical element to achieving a successful reorganization of the Debtors as well as the best interests of the creditors' interests.

10. Attached hereto and incorporated herein as Exhibit "A," *in globo*, is a spreadsheet of the various vendors classified by each such vendor's criticality.

11. Each such vendor is given a classification by the Debtors as either "A," "B," or "C," with the "A" vendors bearing the most importance to reorganization efforts and whose goods and services the Debtors' management have determined cannot be replaced, "B" vendors who could possibly be replaced, but, in management's business judgment, it would be more costly to replace these vendors than to provide them the payments described herein, and "C" vendors who can be replaced with other vendors without deliterious effects on the Debtors' business operations and provision of care to patients and whose claims will be addressed in the Debtors' plans.

12. The Debtors propose payment provisions based on the level of criticality of these such vendors relative to these Chapter 11 cases on an interim basis, as stated more fully below.

**Grounds for Relief**

13. The cessation of the services provided by Critical Vendors would have an immediate negative impact on the Debtors' ability to generate revenue which would irreparably harm its operations and severely impede its prospects for successful rehabilitation.

14. Support from these particular Critical Vendors on an ongoing basis is vital to the

Debtors' continued business operations. At this precarious stage in the Debtors' business operations, an interruption in the services provided by the Critical Vendors will have a severely pernicious effect on the Debtors' efforts to reorganize. The services provided by the Critical Vendors must continue unabated during the pendency of the Debtor's Chapter 11 cases if substantial harm and loss of enterprise value is to be avoided. The interests of the Debtors and their estates and creditors will best be served if the Debtors are authorized to pay the claims of the Critical Vendors as outlined herein.

### Authority for Relief

15. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carryout the provisions of this title." 11 U.S.C. § 105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). "Under Section 105, a court can permit pre-plan payment of pre-petition obligations when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing *Ionosphere Clubs*, 98 B.R. at 177). The uninterrupted supply of goods and services, on customary trade terms, and the continuing support of customers are imperative to the ongoing operations and viability of the Debtors.

16. The "necessity of payment" doctrine further supports the relief requested herein. This doctrine recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor. *Ionosphere Clubs*, 98 BR. at 176; *see also in re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987). This doctrine is consistent with the paramount goal of Chapter 11 - "facilitating the continued operation and rehabilitation of the debtor...." *Ionosphere Clubs*, 98 B.R. at 176.

17. The sums involved are insignificant in relation to the potential disruption that would occur if relationships with these vendors were to be terminated. Under these circumstances, approval of the payments is appropriate.

**<u>Proposed Relief</u>**

18. To implement the terms of the authority requested by the Motion, the Debtor proposes that the Court enter an order (the "Order") providing authorization for the satisfaction of the Critical Vendor Claims based on the classification of criticality.

19. Specifically, the Debtors propose that those Critical Vendors given a classification of level "A," or "B" be paid 1/60th of their respective prepetition claims on a monthly basis until paid in full, so long as such Critical Vendors continue to provide services in the ordinary course of business to the Debtors.

20. The Debtors propose that such treatment of level "A" Critical Vendors be given immediate effect on an interim basis, with level "B" Critical Vendor claims to be determined at the Final Hearing of this matter in due course.

21. The Debtors would further request that this Court set a Final Hearing on this Motion on at least fourteen (14) days notice after service of the Motion.

22. A copy of the proposed Order authorizing the payment of Critical Vendor claims on an interim basis is attached hereto as Exhibit "B".

23. Notice will be provided in accordance with law.

24. The Debtors would request that the Court order that objections to the entry of a final order on this Motion shall be in writing and filed with the Clerk of the Bankruptcy Court with a copy contemporaneously served upon the attorney for the Debtors. The Debtors would further ask that any objections by creditors or other parties in interest to any provisions of the proposed final order

shall be deemed waived unless filed and served in accordance with this paragraph.

Alexandria, Louisiana, this 23rd day of June, 2017.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: **/s/Bradley L. Drell**
Bradley L. Drell (Bar Roll #24387)
Heather M. Mathews (Bar Roll # 29967)
B. Gene Taylor, III (Bar Roll #33407)
P. O. Box 6118
Alexandria, LA   71307-6118
Telephone: (318) 445-6471
Facsimile:  (318) 445-6476
e-mail: bdrell@goldweems.com

**ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION: ACADIANA MANAGEMENT GROUP, LLC**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:

ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]   CASE NO. 17-50799

        DEBTORS   CHAPTER 11

---

CERTIFICATE OF SERVICE

This is to certify that the *Motion of Debtors Pursuant to § 105(a) of the Bankruptcy Code for an Interim Order Authorizing Payment of Pre-Petition Claims of Critical Vendors and for Final Order After Final Hearing on Critical Vendors* was served on the following:

1. Office of the United States Trustee, Gail McCulloch, via email Gail.McCulloch@usdoj.gov;

2. BOKF, NA, as Administrative Agent for BOKF, NA dba Bank of Oklahoma, Eastman National Bank, NBC Oklahoma and Trustmark National Bank, via facsimile notice to fax number 405-272-2588, Attn: Brian Warden, and regular mail, BOKF, NA dba Bank of Oklahoma, Attn: Brian Warden and Robert Dudley, Commerce Center, 9250 North May Ave., Oklahoma City, OK, 73102; and

3. The twenty (20) largest creditors each of the Debtors' cases as shown on the attached mailing list by placing a copy of same in the United States Mail, postage prepaid.

Alexandria, Louisiana, this 23rd day of June, 2017.

                                      /s/Bradley L. Drell
                                      OF COUNSEL

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814