IN RE:

**ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]**     **CASE NO. 17-50799**

        **DEBTORS**     **CHAPTER 11**

---

## MOTION FOR ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

**NOW INTO COURT**, through undersigned counsel, come Acadiana Management Group, L.L.C., AMG Hospital Company, L.L.C., AMG Hospital Company II, L.L.C., Albuquerque - AMG Specialty Hospital, L.L.C., Central Indiana - AMG Specialty Hospital, L.L.C., Tulsa - AMG Specialty Hospital, L.L.C., LTAC Hospital of Louisiana - Denham Springs, L.L.C., Las Vegas - AMG Specialty Hospital, L.L.C., LTAC Hospital of Greenwood, L.L.C., LTAC of Louisiana, L.L.C., Houma - AMG Specialty Hospital, L.L.C., LTAC Hospital of Edmond, L.L.C., LTAC Hospital of Wichita, L.L.C., AMG Realty I, L.L.C., CHFG Albuquerque, L.L.C., and AMG Realty Youngsville, L.L.C., as debtors and debtors-in-possession (collectively, the "Debtors"), who submit this Motion for an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals (the "Motion"). In support thereof, the Debtors respectfully represent

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

as follows:

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

## BACKGROUND

2.

On June 23, 2017 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code §§1107 and 1108. No trustee or examiner has been appointed, and no unsecured creditors' committee has been established.

3.

The statutory predicate for the relief requested herein is contained in Bankruptcy Code §§105(a), 331, 363(c), 1107(a), and 1108.

## RELIEF REQUESTED

4.

The Debtors request that this Court enter an order establishing certain interim compensation and expense reimbursement procedures for the professionals retained by the Debtors and any official committee and its members, if appointed (collectively, "Professionals").

5.

On June 23, 2017, the Debtors filed an application to retain Gold, Weems, Bruser, Sues & Rundell, APLC ("Gold"), as bankruptcy counsel.

6.

The Debtors request that procedures for compensating and reimbursing Court-approved Professionals on a monthly basis be established herein. Such an order will permit the Court and all other parties to more effectively monitor the professional fees incurred in this matter, and will prevent Gold from experiencing cash flow difficulties resulting from the usual delays in payment of Chapter 11 counsel fees given the large scope of work a case of this size will require.

7.

The requested procedures would require Professionals seeking interim compensation from the estate to serve detailed invoices reflecting the services rendered and expenses incurred by each Professional for the prior month, which invoices would be served upon the (a) the Debtors, through their in house counsel, Jessica Hargrave, (b) the Office of the United States Trustee; (c) Bank of Oklahoma; and, (d) any Unsecured Creditors' Committee, through its counsel of record (collectively, the "Service Parties"). If there is no timely objection, the Professionals would be permitted to be paid eighty percent (80%) of the amount of fees incurred for the month, and one hundred percent (100%) of disbursements for the month. These payments would be subject to the Court's subsequent approval as part of the normal interim fee application process approximately every one hundred and twenty (120) days at which time the Professionals may seek payment of the remaining twenty percent (20%) of the fee ("the Holdback").

8.

Specifically, the Debtors propose that the monthly payment of compensation and reimbursement of expenses of the Professionals be structured as follows:

(a)     On or before the fifteenth (15th) day of each month following the month for which compensation is sought, the Professionals may submit an invoice or invoices (each a "Fee Summary") to the Service Parties. Each such entity receiving a Fee Summary will have ten (10) days from the date of mailing thereof to review the Fee Summary. At the expiration of the ten (10) day period, if no objection (as described below) is made to the Fee Summary, each Professional who submitted a Fee Summary will notify the Debtors, in writing, that no objections have been filed with regard to the Fee Summary. Upon receipt of such notice, the Debtors will pay eighty percent (80%) of the fees and one hundred percent (100%) of the reimbursements of expenses requested in the Professionals' respective Fee Summaries.  Any Professional who fails to file a Fee Summary for a particular month or months may submit a consolidated Fee Summary that includes a request for compensation earned or expenses incurred during previous months. All Fee Summaries shall include the relevant time entry and description and expense detail.

(b)     In the event any of the Service Parties has an objection to the compensation or reimbursement sought in a particular Fee Summary, it will, within ten (10) days of the receipt of the Fee Summary, serve upon (i) the Professional whose Fee Summary is objected to, and (ii) except to the extent duplicative of the foregoing clause (i), the other Service Parties, a written "Notice of Objection to Fee Summary," setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting Service Party or Service Parties

*Page 4*

and the Professional whose Fee Summary is objected to will attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection(s) within fifteen (15) days after receipt of such Notice of Objection to Fee Summary , the Professional whose Fee Summary is objected to will have the option of (i) filing the objection(s) together with a request for payment of the disputed amount with the court, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the objection(s) if payment of the disputed amount is requested. The Debtors are authorized and directed to pay promptly the balance of the undisputed fees, up to eighty percent (80%), and the balance of the undisputed expenses, up to one hundred percent (100%) that are not the subject of a Notice of Objection to Fee Summary.

(c)     The first Fee Summary shall be submitted to the Service Parties no later than August 15, 2017, and will cover the period from the Debtors' Petition Date through July 31, 2017. Thereafter, the Professionals may submit Fee Summaries in the manner described above.

(d)     Approximately every four (4) months, each of the Professionals shall file with the Court and serve on the Service Parties on or before the forty-fifth (45th) day following the last day of the compensation period for which compensation is sought, an application for interim court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses requested for the prior four (4) months that incorporates the unfiled monthly interim fee applications. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is submitted. Upon approval

of such a quarterly fee application, any Professional will be paid all interim allowed withheld amounts of approved fees and expenses for the applicable period (i.e. the 20% holdback, if applicable).

(e)     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Fee Summary or quarterly fee application will not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

(f)     Neither (i) the payment of nor the failure to pay, in whole or in part, a Fee Summary or quarterly fee application; or (ii) the filing of nor failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals.

11.

The procedures suggested in this Motion will enable the parties to closely monitor the costs of administration of the cases and allow the Debtors to maintain a more level cash flow availability and implement efficient cash management procedures to address the costs of administration of the Estates.

12.

The Debtors further request that the Court limit the notice of hearings to consider interim applications to the Service Parties and those parties who have requested notice. Such notice should reach the parties most active in this Chapter 11 Case and will save the expense of undue duplication and mailing.

13.

The Debtors request authority to pay the Professional Fees from any of the Debtors'
resources. Given the joint administration of the cases and the largely in solido liability on the largest
debts of the estates, such relief would be proper in these cases.

**BASIS FOR RELIEF REQUESTED**

14.

Section 331 of the Bankruptcy Code provides, in pertinent part, as follows:

> "A trustee, an examiner, a debtor's attorney, or any professional
> person employed under section 327 or 1103 of this title may apply to
> the Court not more than once every 120 days after an order for relief
> in a case under this title, *or more often if the Court permits*, for such
> compensation for services rendered before the date of such an
> application or reimbursement for expenses incurred before such date
> as is provided under section 330 of this title." (Emphasis added.)

15.

Section 105(a) of the Bankruptcy Code provides, in pertinent part:

> "court may issue any order, process, or judgment that is necessary or
> appropriate to carry out the provisions of this title."

16.

Similar procedures for compensating and reimbursing court-approved professionals have
been established in other chapter 11 cases in this court and division, based on similar orders in other
cases around the state, including *In re New Louisiana Holdings, LLC, et al.*, No. 14-50756 (Bank.
W.D.La. February 6, 2015); *In re Piccadilly Restaurants, LLC, et al.*, No. 12-51127 (Bankr. W.D.La.
Oct. 22, 2012); *In re Harvest Oil & Gas, LLC, jointly administered with Saratoga Resources, Inc.,
The Harvest, Group, LLC, LOBO Operating Inc., and LOBO Resources, Inc.*, Nos. 09-50397
through 09-50401 (Bank. W.D.La. April 17, 2009); *In re Zeus Investments, LLC*, No. 11-50406

(Bank. W.D.La. dated March 30, 2011); *In re Louisiana Riverboat Gaming Partnership, et al*, Nos. 12-12013 through 12-12015, 12-12017 and 12-12019 through 12-12020 (Bank. W.D.La. September 19, 2012).

Such procedures are needed to avoid having professionals fund the reorganization case. *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bank. N.D. Ga. 1981) (court established procedures for monthly interim compensation). Appropriate factors to consider include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtor in providing services necessary to achieve a successful reorganization of the debtor." Id. at 897-98. The Debtors submit that the procedures sought herein are appropriate considering the above factors. See also *In re Frontier Airlines, Inc.*, 74 B.R. 973 (Bkrtcy. D.Colo. 1987), *In re Kaiser Steel Corporation*, 74 B.R. 855 (Bkrtcy. D.Colo. 1987).

17.

The Debtors further maintain that the efficient administration of this Chapter 11 Case will be significantly aided by establishing the foregoing interim compensation and expense reimbursement procedures. Accordingly, the relief requested is in the best interests of the Debtors, their estates and creditors.

## **NOTICES**

18.

Notice of this motion has been served upon i) the Debtors, through their counsel of record, and through their in house counsel, Jessica Hargrave, ii) the Office of the United States Trustee; iii) secured creditors of the Debtors; (iv) the 20 largest unsecured creditors of each of the Debtors; and, (v) all parties requesting notices in these matters.

**WHEREFORE**, the Debtors respectfully request entry of an Order, substantially in the form attached to this Motion as Exhibit A, establishing procedures for interim compensation of Professionals and reimbursement of expenses of Professionals. The Debtors further pray for such other general and equitable relief as is just and proper.

Alexandria, Louisiana, this 27th day of June, 2017.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By:    **/s/Bradley L. Drell**
        Bradley L. Drell (Bar Roll #24387)
        Heather M. Mathews (Bar Roll # 29967)
        B. Gene Taylor, III (Bar Roll #33407)
        P. O. Box 6118
        Alexandria, LA   71307-6118
        Telephone: (318) 445-6471
        Facsimile:  (318) 445-6476
        e-mail: bdrell@goldweems.com

**ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION: ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.**

IN RE:

**ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]**     **CASE NO. 17-50799**

**DEBTORS**                                          **CHAPTER 11**

---

## CERTIFICATE OF SERVICE

This is to certify that the ***Motion for Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals*** was served on the following:

1.     Office of the United States Trustee, Gail McCulloch, via email Gail.McCulloch@usdoj.gov;

2.     BOKF, NA, as Administrative Agent for BOKF, NA dba Bank of Oklahoma, Eastman National Bank, NBC Oklahoma and Trustmark National Bank, Attn: Brian Warden, via regular mail, *and* BOKF, NA dba Bank of Oklahoma, Attn: Brian Warden and Robert Dudley, via email rdudley@bokf.com; and

3.     The twenty (20) largest creditors in each of the Debtors' cases,

by placing a copy of same in the United States Mail, postage prepaid.

Alexandria, Louisiana, this 27th day of June, 2017.

_____/s/Bradley L. Drell_____
OF COUNSEL

---

[1]AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814