**SO ORDERED.**

**SIGNED June 30, 2017.**



—————————————————————
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**

---

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

IN RE:

**ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]**       **CASE NO. 17-50799**

    **DEBTORS**       **CHAPTER 11**

---

### INTERIM ORDER AUTHORIZING DEBTORS TO PAY OBLIGATIONS UNDER PREPETITION INSURANCE POLICIES; RENEW, SUPPLEMENT, MODIFY, OR PURCHASE INSURANCE COVERAGE; AND HONOR THE TERMS OF THE INSURANCE FINANCING AGREEMENTS AND PAY PREMIUMS THEREUNDER

The Court has considered the Motion for Entry of an Order Authorizing the Debtors to Pay

Obligations under Prepetition Insurance Policies; Renew, Supplement, Modify, or Purchase

Insurance Coverage; and Honor the Terms of the Insurance Financing Agreement and Pay Premiums

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

Thereunder, (the "Motion") [Docket No. 7] filed by Acadiana Management Group, LLC, et al (the "Debtors"). The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157; (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and (iv) good and sufficient cause exists for the granting of the relief requested in the motion.

Therefore, it is **ORDERED** as follows:

1.     The Motion is granted and approved to the extent provided herein.

2.     The Debtors are authorized, but not directed, to continue their Insurance Policies and to pay any Insurance Obligations, whether arising prepetition or post petition.

3.     The Debtors are authorized, but not directed, to (a) honor their commitments and obligations under any Insurance Financing Agreement and to pay the premiums thereunder; (b) to renew, renew, supplement, modify, or purchase insurance coverage as needed in the Debtors; business judgment; and (c) to pay fees, costs, and commissions with brokers of insurance policies in the ordinary course of business.

4.     All banks upon which funds are drawn in payment of the Insurance Obligations authorized herein are authorized and directed to honor such payment requests provided that sufficient funds are on deposit in the applicable accounts to cover such payments, and that such banks are authorized and directed to rely upon the representations of the Debtors as to which payment requests are authorized herein.

5.     The Debtors banks and financial institutions may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order, and any such Bank shall not have any

liability to any party for relying on such representations by the Debtors as provided for in this Order.

6.      The Debtors are hereby authorized, but not directed, to issue postpetition checks or to effect post-petition fund transfer requests in replacement of any checks or fund transfer requests with respect to Pre-petition Insurance Obligations dishonored or denied as a consequence of the commencement of the Chapter 11 Cases, and to reimburse any expenses that holders of claims in connection with the Prepetition Insurance Obligations may incur as a result of any bank's failure to honor a prepetition check.

7.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any of the Insurance Obligations may be owed.

8.      Neither the provisions contained herein nor any actions or payments made by the Debtors pursuant to this Order, shall be deemed an assumption of any executory contract, or otherwise shall constitute a waiver of the Debtors' rights under Bankruptcy Code Section 365 or an admission by the Debtors that any of the Insurance Policies, or any related agreements or contracts, constitutes an executory contract within the meaning of Bankruptcy Code Section 365.

9.      Neither the provisions contained herein, nor any actions or payments made by the Debtors pursuant to this Order, shall be deemed an admission as to the validity of any underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

10.     Notwithstanding anything to the contrary contained in this Order or in the Motion, any payment, obligation, or other relief authorized by this Order shall be subject to and limited by the requirements imposed on the Debtors under the terms of any interim and/or final orders regarding the use of cash collateral or the approval of post-petition financing, or any budget in connection

therewith, approved by this Court in these Chapter 11 Cases.

11.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

12.     The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

13.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied because the relief set forth in this Order is necessary to avoid immediate and irreparable harm.

14.     The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

15.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

###

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By:     /s/Bradley L. Drell
       Bradley L. Drell (Bar Roll #24387)
       Heather M. Mathews (Bar Roll # 29967)
       B. Gene Taylor, III (Bar Roll #33407)
       P. O. Box 6118
       Alexandria, LA   71307-6118
       Telephone: (318) 445-6471
       Facsimile:  (318) 445-6476
       e-mail: bdrell@goldweems.com

**ATTORNEYS FOR DEBTORS AND DEBTORS
IN POSSESSION: ACADIANA MANAGEMENT
GROUP, L.L.C., ET AL.**