**SO ORDERED.**

**SIGNED June 30, 2017.**



ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

---

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**IN RE:**

**ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]**       **CASE NO. 17-50799**

**DEBTORS**       **CHAPTER 11**

---

### ORDER AUTHORIZING INTERIM PAYMENT OF PRE-PETITION CLAIMS OF CRITICAL VENDORS AND GRANTING RELATED RELIEF

Upon the Motion for Motion of the Debtors Pursuant to Section 105(a) of the Bankruptcy

Code for an Interim Order Authorizing Payment of Pre-Petition Claims of Critical Vendors and for

Final Order After Final Hearing on Critical Vendors (the "Motion") filed by Acadiana Management

Group, L.L.C., Albuquerque - AMG Specialty Hospital, L.L.C., Central Indiana - AMG Specialty

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

Hospital, L.L.C., Tulsa - AMG Specialty Hospital, L.L.C., LTAC Hospital of Louisiana - Denham Springs, L.L.C., Las Vegas - AMG Specialty Hospital, L.L.C.,, LTAC of Louisiana, L.L.C., Houma - AMG Specialty Hospital, L.L.C., LTAC Hospital of Edmond, L.L.C., LTAC Hospital of Wichita, L.L.C., and LTAC Hospital of Greenwood, L.L.C.;

This Court having reviewed the Motion and in consideration of the law, it appearing that the relief requested in the Motion to the extent granted by this interim order, is in the best interest of the Debtors, their estates and creditors; and it is necessary to avoid irreparable harm pursuant to Federal Rule of Bankruptcy Procedure 6003 to the Debtors estates and their creditors, and after due deliberation and consideration;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted on an interim basis, *nunc pro tunc* as of June 23, 2017 ("the Petition Date") on the terms set forth in this interim order. Subject to the terms set for below, this interim order is valid and binding on all parties in interest and shall be immediately and fully effective upon entry.

2. The Debtors are hereby authorized to pay on an interim basis the Critical Vendor claims of those vendors listed in Exhibit "A" of the Motion as level "A" Critical Vendors in the amount of 1/60th of each such Critical Vendor's claim with the payment of each monthly invoice that comes due to such Vendor for post-petition goods and services, for a period from the Petition Date through and including the date hereinafter set for the final hearing on the Debtors' Motion, so long as such Critical Vendors continue to provide services in the ordinary course of business to the Debtors.

3. The authorization of payment of level "A" Critical Vendors is to be given immediate effect on an interim basis as described above, with the payment of the level "B" Critical Vendor claims to be determined at the Final Hearing on this motion in due course.

4.  Reservation of Rights. Notwithstanding anything in this Interim Order to the contrary, all legal and equitable rights, if any, of the Debtors are preserved and deemed not waived.

5.  Final Hearing. A final hearing to consider approval of the Motion will be held before this Court on July 25, 2017, at 10:00 a.m. ("Final Hearing"). Pursuant to Federal Rule of Bankruptcy Procedure 4001, counsel to the Debtors shall provide notice of the Final Hearing and a copy of this interim order to (a) the United States Trustee,(b) counsel to BOKF, NA, as Administrative Agent for BOKF, NA dba Bank of Oklahoma, Eastman National Bank, NBC Oklahoma and Trustmark National Bank, (c) each Debtors' twenty (20) largest unsecured creditors, and (d) those parties and interest that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2001(g). Any objections to the relief sought at the Final Hearing shall be in writing, state the basis therefor, and be filed and served on counsel for the Debtors and counsel for the Respondents no later than July 21, 2017.

###

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By:   /s/Bradley L. Drell
        Bradley L. Drell (Bar Roll #24387)
        Heather M. Mathews (Bar Roll # 29967)
        B. Gene Taylor, III (Bar Roll #33407)
        P. O. Box 6118
        Alexandria, LA   71307-6118
        Telephone: (318) 445-6471
        Facsimile:  (318) 445-6476
        e-mail: bdrell@goldweems.com

**ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION: ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.**