QIN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | § | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1] | § § | Case No. 17-50799 |
| | § | (Jointly Administered) |
| Debtors. | § | |

## OBJECTION TO DEBTORS' MOTION TO ALLOW PAYMENT OF MANAGEMENT GROUP FEES TO ACADIANA MANAGEMENT GROUP, LLC

NOW INTO COURT, through undersigned counsel, comes CHCT Louisiana, LLC ("CHCT"), and files its Objection (the "Objection") to the Debtors' *Motion to Allow Payment of Management Group Fes to Acadiana Management Group, LLC* (the "Motion"), and with respect thereto asserts the following:

### JURISDICTION

1. This Court has jurisdiction over the instant Chapter 11 cases and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding as defined in 28 U.S.C. §157(b)(2).

### BACKGROUND

2. On June 23, 2017 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The debtors in these chapter 11 cases are AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17- 50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17- 50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814.

1

3. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to Bankruptcy Code §§1107 and 1108. No trustee or examiner has been appointed, and no unsecured creditors' committee has been established.

4. On July 3, 2017, Debtors filed the Motion, in which they seek authority for certain Debtors (the "Operating Company Affiliates") to pay Debtor Acadiana Management Group, LLC ("AMG") a 9% management fee (the "Management Fee") from revenues generated post-petition.[2] The 9% fee is comprised of varying percentages of billing fees and management fees under the Operating Company Affiliates' respective contracts for billing services and management of hospital operations (the "Management Agreements"). *See* [Doc. 69] at ¶ 4, and Ex. A.

5. Also on July 3, 2017, Debtors filed an *Emergency Motion for Approval of Executive Compensation* (the "Executive Compensation Motion"). *See* [Doc. 70]. As explained therein, AMG receives $7,811,880.00 annually in management fees from the Operating Company Affiliates. *See* [Doc. 70] at ¶ 4.

6. Through the Executive Compensation Motion, the Debtors seek to pay August J. Rantz, IV ("Rantz") and Timothy W. Howard ("Howard") each an annual salary of $600,000.00. *See* [Doc. 70] at ¶6.

7. AMG is wholly owned by Rantz and Howard, with each possessing a 50% ownership interest therein. *See* [Doc. 70] at ¶5.

8. Immediately prior to the Petition Date, CHFG Edmond, LLC, CHFG Wichita, LLC, CHFG Denham Springs, LLC CHFG/HPCG Real Estate I, LLC and CFG Healthcare Properties, LLC were all merged into AMG Realty I, LLC ("AMG Realty"). R&H Holdings of Texas, LLC, R&H Holdings of New Mexico, LLC, R&H of Houma, LLC

---

[2] Upon Information and belief, the revenues are the cash collateral of the Bank of Oklahoma.

and R&H of Midwest, LLC were merged into AMG Hospital Company LLC ("AMGHCI"). In addition, immediately prior to the Petition Date, R&H of Indiana, LLC, R&H Holdings of Louisiana, LLC, R&H Holdings of Tulsa, LLC and AMGHCIII were merged into AMGHCII. Debtors assert that the mergers occurred "to reduce the number of Chapter 11 cases that would need to be filed [and] … preserve the ultimate ownership and debt structure that existed pre-petition." *See* [Doc. 12] First Day Declaration at ¶15.[3]

### CHCT'S CLAIM

9. CHCT is a secured creditor of Debtor AMG Realty Youngsville, L.L.C. ("Borrower") pursuant to that certain Promissory Note dated September 30, 2015 in the original principal amount of $11,000,000.00 (the "Note"). The Note is secured by a first priority security interest in certain immovable property, including the immovable property located at 310 Youngsville Highway, Lafayette, Louisiana, and other rights associated therewith (the "Real Property Collateral") as well as certain personal property of the Borrower, including without limitation, all rents, revenues, incomes, issues, profits, fixtures and other collateral related to the Real Property Collateral (collectively, the "Personal Property Collateral" and together with the Real Property Collateral, the "Youngsville Collateral"), pursuant to that certain Multiple Indebtedness Mortgage, Pledge of Leases and Rents and Security Agreement dated September 30, 2015 (the "Mortgage").

10. As additional security for the Loan, AMG, LTAC of Louisiana, LLC ("LTAC of Louisiana" or "Tenant"), AMGHCI, AMG Hospital Company II, LLC ("AMGHCII")

---

[3] CHCT reserves its right to argue that these mergers should be scrutinized further regarding the intent and impact of the mergers on the creditors, including the CHCT.

and AMG Hospital Company III LLC ("AMGHCIII", and together with AMG, Tenant, AMGHCI and AMGHCII, collectively, the "Guarantors") each executed and delivered to Lender a Continuing Guaranty dated September 30, 2015 (collectively, the "Guaranties"). Under the Guaranties, each of the Guarantors unconditionally guaranteed to Lender the prompt payment in full of all obligations due and owing to Lender by Borrower. The Guaranties are unsecured.

**OBJECTION**

11. At this early stage in the proceedings, the Operating Company Affiliates have failed to establish the reasonableness of paying AMG a 9% management fee. CHCT believes that this amount exceeds the market rates for management fees attributable to similarly situated entities.

12. Moreover, a review of each Debtor's Petition for Relief reflects that Mr. Rantz has signed each Debtor's Bankruptcy Petition as President. Hence Mr. Rantz is an insider of AMG and all of the Operating Company Affiliates. *See* 11 U.S.C. §101(31)(B). Consequentially, any transactions involving Mr. Rantz should be closely scrutinized. *See Matter of Fabricators, Inc.*, 926 F.2d 1458, 1465 (5th Cir. 1991) (holding, in equitable subordination dispute, that "a claim arising from the dealings between a debtor and an insider is to be rigorously scrutinized by the courts.").

13. The sample Management Agreement that the Debtors attach as Exhibit A to the Motion provides that AMG shall provide the managerial and billing services "subject only to the ultimate control and supervision of the governing body of the hospital." *See* [Doc. 69] Ex. A at Article VI. Yet it is not clear who comprises the "governing body" of the Operating Company Affiliates, but presumably Rantz and Howard would control such

governing bodies. Nor is it evident whether or not the governing bodies were responsible for negotiating the amount of the 9% Management Fee. And most importantly, CHCT cannot discern whether or not the governing bodies (or whoever agreed to the 9% fee on behalf of the Operating Company Affiliates) consist wholly of insiders, including Mr. Rantz or Mr. Howard.

14. Indeed, in the sample Management Agreement, the subject hospital warrants that the Management Agreement has been "duly authorized, executed, and delivered by the authorized manager of the Hospital[.]" *See* [Doc. 69] Ex. A at Article XXII (A). The signature page is signed by Mr. Rantz on behalf of AMG -- both for itself as manager and on behalf of the hospital:

> IN WITNESS WHEREOF, Hospital and Manager have executed this Agreement on the date first above written.
>
> MANAGER:
> ACADIANA MANAGEMENT GROUP, LLC
> BY: _____
> August J. Rantz, IV, President
>
> HOSPITAL:
> ALBUQUERQUE-AMG SPECIALTY HOSPITAL, LLC
> BY: *Manager:* Acadiana Management Group, LLC
> BY: _____
> August J. Rantz, IV
> *Authorized Representative*

15. The probability that Mr. Rantz controlled both sides of the Management Agreement transactions, coupled with his request for a $600,000.00 annual salary on account of his

5

work for AMG, raises the probability that the Management Agreements were not entered into as arms-length transactions.

16. Given that the Debtors' bankruptcy cases are in their infancy, and no creditors committee has been appointed, and that the Debtors have failed to file their bankruptcy schedules and statements of financial affairs, it is premature to authorize a 9% fee that has the effect of transferring $7,811,880 annually from the Operating Company Affiliates and into to coffers of AMG and ultimately, the insider executives.

17. The Debtors are part of a convoluted web of entities, some of which were merged together prior to filing bankruptcy, some entities of which did not file bankruptcy and some of which filed bankruptcy but were not merged. At the center of all of these entities, including AMG, are Rantz and Howard, the 100% owners who also seek significant salaries and benefits.

18. AMG is the same management company that managed these companies into the current bankruptcy. The management company, led by Rantz and Howard, apparently failed to take the necessary actions to adjust the Operating Company Affiliates' operations to the current environment. And now that same management company wants this Court's approval of above-market rates to continue managing these entities for the sole benefit of the insiders, Rantz and Howard.

19. The Debtors have provided no evidence that the continued management of the Operating Company Affiliates by AMG is in the best interest of the bankruptcy estates and their creditors. Nor have the Debtors provided any evidence that the proposed exorbitant 9% management fee is reasonable. Accordingly, CHCT requests that the Court deny the

Motion. Alternatively, CHCT requests that the relief sought be granted solely on a reduced and short-term basis only.

WHEREFORE, the Debtors respectfully request that the Court deny the Motion or limit the relief sought to an interim basis only.

Dated: July 10, 2017          Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

By: */s/ Lacey E. Rochester*
　　Jan M. Hayden
　　Louisiana Bar No. 6672
　　Louisiana Bar No. 18767
　　Lacey Rochester
　　Louisiana Bar No. 34733
　　201 St. Charles Avenue, Suite 3600
　　New Orleans, Louisiana 70170
　　Telephone: (504) 566-5200
　　Facsimile: (504) 636-4000
　　jhayden@bakerdonelson.com

　　**AND**

　　Timothy M. Lupinacci
　　Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
　　*(admitted pro hac vice)*
　　Alabama State Bar No. 7626-L64T
　　420 20th Street North, Suite 1400
　　Birmingham, AL 35203
　　Telephone: (205) 328-0480
　　Facsimile: (205) 322-8007
　　Email: tlupinacci@bakerdonelson.com

　　*Counsel for CHCT Louisiana, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2017, a true and correct copy of the foregoing was served by Electronic Case Filing system for the United States Bankruptcy Court for the Western District of Louisiana which will send notice of electronic filing to all counsel of record listed below who have consented to electronic filing.

    Bradley Drell bdrell@goldweems.com
    B. Gene Taylor gtaylor@goldweems.com
    Rudy J. Cerone rcerone@mcglinchey.com
    Sarah E. Edwards sedwards@mcglinchey.com
    Robert M. Hersch Robert.hirsh@arentfox.com
    Michael Holbein Michael.holbein@agg.com
    Darryl T. Landwehr dtlandwwehr@cox.net

Dated: July 10, 2017                                        /s/ *Lacey E. Rochester*