UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:                                                              CASE NO. 17-50799

ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]      CHAPTER 11

         DEBTORS                                         JOINTLY ADMINISTERED

**MOTION FOR ENTRY OF AN ORDER APPROVING REJECTION
OF UNEXPIRED LEASE OF OFFICE EQUIPMENT**

NOW INTO COURT through the undersigned counsel, comes Albuquerque - AMG Specialty Hospital, L.L.C., who respectfully moves the Court for an entry of an order approving rejection of an unexpired lease of copier equipment, and respectfully represents as follows:

1.

This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The legal predicates for relief requested herein are 11 U.S.C. § 365 and Bankruptcy Rule 6006.

2.

On June 23, 2017, Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, as set forth in note 1, *supra*. Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. An official committee of unsecured creditors has been appointed and has retained counsel in the Chapter 11 cases. Further, no trustee or examiner has been requested or appointed in the Chapter 11 cases.

3.

Albuquerque - AMG Specialty Hospital, L.L.C., is a party to a lease with OCE Financial Services, Inc., whereby Debtor leases two Canon copier machines. See Lease Agreement attached hereto as Exhibit "A." The lease was entered into by the parties on August 8, 2012, for an initial term of sixty (60) months, with rent set at $446.00 per month.

4.

Since the expiration of the initial term, the parties have been leasing the machines on a month to month basis. Lessor requires a 60-day notice to cancel the lease, however the copier machines are no longer being used. Debtor has determined that an alternative vendor and machine would better suit the needs of the business, and currently has replacement machines in place.

5.

Accordingly, Debtor asks that the lease between Albuquerque - AMG Specialty Hospital, L.L.C. and OCE Financial Services, Inc., be rejected.

6.

11 U.S.C. § 365(a) provides that a debtor in possession, subject to the Court's approval, may assume or reject any executory contract or unexpired lease. A debtor's decision to reject an executory contract or unexpired lease is governed by the "business judgment" standard. See *NLRB v. Bildisco & Bidisco*, 465 U.S. 513, 523 (1984). Courts generally do not second guess a debtor's business judgment with respect to the rejection of an executory contract or an unexpired lease, unless the judgment is so manifestly unreasonable that it could not be based on sound business judgment, but

only on bad faith, whim or caprice. *See In re Wheeling-Pittsburg Steel Corp.*, 72 BR 845, 849 (Bkrtcy. W.D. Pa. 1987). Instead, "courts accord the debtor's business judgment a great amount of deference since the decision to assume or reject an executory contract is an administrative not a judicial matter." *Id.*

7.

Albuquerque - AMG Specialty Hospital, L.L.C. has satisfied the business judgment standard for rejection of the above described lease, as there is no further business use for the copier equipment by the estate in the foreseeable future.

8.

Pursuant to Federal Rule of Bankruptcy Procedure 6006(c), notice of this motion shall be given to the other party of the contract or lease, and the Office of the United States Trustee. Given the nature of the relief requested and Federal Rule of Bankruptcy Procedure 6006(c), the debtor submits that no further notice is necessary.

**WHEREFORE**, the debtor, Albuquerque - AMG Specialty Hospital, L.L.C., respectfully requests that the Court enter an order approving Albuquerque - AMG Specialty Hospital, L.L.C.'s rejection of the equipment lease with OCE Financial Services, Inc., and for such other and further relief as is justified in the premises.

Alexandria, Louisiana, this 27th day of October, 2017.

Respectfully submitted,

**GOLD, WEEMS. BRUSER, SUES & RUNDELL**

By: **/s/Bradley L. Drell**
Bradley L. Drell (Bar Roll #24387)
Heather M. Mathews (Bar Roll # 29967)
B. Gene Taylor, III (Bar Roll #33407)
P. O. Box 6118
Alexandria, LA   71307-6118
Telephone: (318) 445-6471
Facsimile:  (318) 445-6476
e-mail: bdrell@goldweems.com

**ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION: ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: CASE NO. 17-50799

ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1] CHAPTER 11

DEBTORS JOINTLY ADMINISTERED

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *Motion for Entry of an Order Approving Rejection of Unexpired Lease of Office Equipment* on the following:

1. Debtors, Albuquerque - AMG Specialty Hospital, L.L.C., 101 La Rue France, Ste. 500, Lafayette, LA 70508;

2. OCE Financial Services, Inc., 100 Oakview Dr. Trumbull, CT 06611;

3. Office of the United States Trustee, Gail McCulloch, 300 Fannin Street, 3196 Federal Building, Shreveport, Louisiana 71101;

4. BOKF, NA dba Bank of Oklahoma, Rudy J. Cerone and Sarah Edwards, McGlinchey Stafford, PLLC, 601 Poydras Street, 12th Floor, New Orleans, LA 70130,

5. CHCT Louisiana, LLC, Jan M. Hayden and Lacey Rochester, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., 201 St. Charles Avenue, Suite 3600, New Orleans, Louisiana 70170;

6. CHCT Louisiana, LLC, Timothy M. Lupinacci, 420 20th Street North, Suite 1400, Birmingham, AL 35203;

7. Counsel for the Unsecured Creditor Committee, Tristan Manthey and the law firm of Heller, Draper, Patrick, Horn & Dabney, LLC, 650 Poydras Street, Ste. 2500, New Orleans, LA 70130, and

8. Any party requesting notice by CM/ECF,

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

placing a copy of same in the U. S. Mail, properly addressed, with prepaid postage affixed or CM/ECF notification.

Alexandria, Louisiana, this 27th day of October, 2017.

                                   **/s/Bradley L. Drell**
                                           OF COUNSEL