UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-50799 |
| ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1] | CHAPTER 11 |
| DEBTORS | JOINTLY ADMINISTERED |

**MOTION FOR ENTRY OF AN ORDER APPROVING REJECTION
OF UNEXPIRED EQUIPMENT LEASE**

NOW INTO COURT through the undersigned counsel, comes AMG Management Group, LLC, who respectfully moves the Court for an entry of an order approving rejection of an unexpired equipment lease, and respectfully represents as follows:

1.

This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The legal predicates for relief requested herein are 11 U.S.C. § 365 and Bankruptcy Rule 6006.

2.

On June 23, 2017, Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, as set forth in note 1, *supra*. Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Debtors' Chapter 11 cases have

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. An official committee of unsecured creditors has been appointed and has retained counsel in the Chapter 11 cases. Further, no trustee or examiner has been requested or appointed in the Chapter 11 cases.

3.

AMG Management Group, LLC is a party to a lease with Baxter Healthcare Corporation, whereby the Debtor leases ten Spectrum Pumps, and the associated software license. The lease agreement was executed by the parties on April 27, 2015, and specified an initial term of sixty (60) months, with rent set at $525.60 per month. See Lease Agreement attached hereto as Exhibit "A."

4.

Half of the pump equipment in question was previously in use at the Denham Springs hospital location, which has since been sold pursuant to an order by this Court signed August 29, 2017. The other half of the pump equipment was being stored at AMG Management Group's corporate office when the building was flooded with 17 inches of rain. Having been submerged for several hours, the pump equipment was damaged and is no longer useable. Debtor notified Baxter Healthcare Corporation of the loss and was advised to file the loss with their insurance company.

5.

Accordingly, Debtor asks that the lease between AMG Management Group, LLC and Baxter Healthcare Corporation, be rejected.

6.

11 U.S.C. § 365(a) provides that a debtor in possession, subject to the Court's approval, may assume or reject any executory contract or unexpired lease. A debtor's decision to reject an executory

contract or unexpired lease is governed by the "business judgment" standard. See *NLRB v. Bildisco & Bidisco*, 465 U.S. 513, 523 (1984). Courts generally do not second guess a debtor's business judgment with respect to the rejection of an executory contract or an unexpired lease, unless the judgment is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim or caprice. *See In re Wheeling-Pittsburg Steel Corp.*, 72 BR 845, 849 (Bkrtcy. W.D. Pa. 1987). Instead, "courts accord the debtor's business judgment a great amount of deference since the decision to assume or reject an executory contract is an administrative not a judicial matter." *Id.*

7.

AMG Management Group, LLC has satisfied the business judgment standard for rejection of the above described lease, as there is no potential business use for the spectrum pump equipment by the estate in the foreseeable future.

8.

Pursuant to Federal Rule of Bankruptcy Procedure 6006(c), notice of this motion shall be given to the other party of the contract or lease, and the Office of the United States Trustee. Given the nature of the relief requested and Federal Rule of Bankruptcy Procedure 6006(c), the debtor submits that no further notice is necessary.

**WHEREFORE**, the debtor, AMG Management Group, LLC , respectfully requests that the Court enter an order approving AMG Management Group, LLC's rejection of the equipment lease with Baxter Healthcare Corporation, and for such other and further relief as is justified in the premises.

Alexandria, Louisiana, this 8th day of November, 2017.

Respectfully submitted,

**GOLD, WEEMS. BRUSER, SUES & RUNDELL**

By: **/s/Bradley L. Drell**
Bradley L. Drell (Bar Roll #24387)
Heather M. Mathews (Bar Roll # 29967)
B. Gene Taylor, III (Bar Roll #33407)
Chelsea Tanner (Bar Roll #37890)
P. O. Box 6118
Alexandria, LA   71307-6118
Telephone: (318) 445-6471
Facsimile:  (318) 445-6476
e-mail: bdrell@goldweems.com

**ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION: ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: CASE NO. 17-50799

ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1] CHAPTER 11

DEBTORS JOINTLY ADMINISTERED

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *Motion for Entry of an Order Approving Rejection of Unexpired Equipment Lease* on the following:

1. Debtor, AMG Management Group, LLC, 101 La Rue France, Ste. 500, Lafayette, LA 70508;

2. Baxter Healthcare Corporation, 25212 West Illinois Route 120, William Graham Building 1-2S, Round Lake, Illinois 60073;

3. Office of the United States Trustee, Gail McCulloch, 300 Fannin Street, 3196 Federal Building, Shreveport, Louisiana 71101;

4. BOKF, NA dba Bank of Oklahoma, Rudy J. Cerone and Sarah Edwards, McGlinchey Stafford, PLLC, 601 Poydras Street, 12th Floor, New Orleans, LA 70130,

5. CHCT Louisiana, LLC, Jan M. Hayden and Lacey Rochester, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., 201 St. Charles Avenue, Suite 3600, New Orleans, Louisiana 70170;

6. CHCT Louisiana, LLC, Timothy M. Lupinacci, 420 20th Street North, Suite 1400, Birmingham, AL 35203;

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

7. Counsel for the Unsecured Creditor Committee, Tristan Manthey and the law firm of Heller, Draper, Patrick, Horn & Dabney, LLC, 650 Poydras Street, Ste. 2500, New Orleans, LA 70130, and

8. Any party requesting notice by CM/ECF,

placing a copy of same in the U. S. Mail, properly addressed, with prepaid postage affixed or CM/ECF notification.

Alexandria, Louisiana, this 8th day of November, 2017.

                            **/s/Bradley L. Drell**
                            OF COUNSEL