# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

IN RE:                                                      CASE NO. 17-50799

ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1]      CHAPTER 11

        DEBTORS                                   JOINTLY ADMINISTERED

___

## MOTION TO REJECT PHYSICIAN CONTRACTS

**NOW INTO COURT**, through the undersigned counsel, comes LTAC Hospital of Edmond, LLC ("Debtor"), who respectfully moves the Court for entry of an order approving the rejection of certain physician contracts, and respectfully represents:

1.

This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The legal predicates for relief requested herein are 11 U.S.C. § 365 and Bankruptcy Rule 6006.

2.

On June 23, 2017, Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal

___

[1]AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814

Rules of Bankruptcy Procedure. An official committee of unsecured creditors has been appointed and has retained counsel in the Chapter 11 cases. No trustee or examiner has been requested or appointed in the Chapter 11 cases.

3.

Debtor, LTAC Hospital of Edmond, LLC, is a party to certain pre-petition physician contracts. *See* Exhibit "A" Medical Director Contract Summary.

4.

Included within the said physician contracts are the contracts of Dr. John Chiaffitelli and OK Independent Provider Network, LLC, executed on or about October 1, 2014, and November 30, 2015, respectively. *See* Exhibit "A."

5.

Debtor seeks to reject the physician contracts of Dr. John Chiaffitelli and OK Independent Provider Network, LLC, as the provision of services rendered by each are either duplicative and/or unnecessary to patient care and ongoing operations of the Debtor.

6.

11 U.S.C. § 365(a) provides that a debtor in possession, subject to the Court's approval, may assume or reject any executory contract or unexpired lease. A debtor's decision to assume or reject an executory contract is governed by the "business judgment" standard. *See In re Beare*, 1771 BR 879 (Bankr. W.D. Tenn. 1994); *In re Bradlee Stores, Inc.*, 194 BR 555 (S.D.N.Y. 1996); *In re National Sugar Refining Co.*, 26 B.R. 765 (Bankr. S.D.N.Y. 1983). Courts generally do not second guess a debtor's business judgment, unless so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim or caprice. *See In re Wheeling-Pittsburg Steel Corp.*, 72 BR 845, 849 (Bankr. W.D. Pa. 1987). Instead, "courts accord the debtor's business

judgment a great amount of deference since the decision to assume or reject an executory contract is an administrative not a judicial matter." *Id.*

7.

Debtor has satisfied the business judgment standard for rejection of the above described physician contracts and rejection of the contracts is in the best interest of the Debtor and its creditors.

8.

Pursuant to Federal Rule of Bankruptcy Procedure 6006(c), notice of this motion shall be given to the other party of the contracts at issue, and to the Office of the United States Trustee. Given the nature of the relief requested and Federal Rule of Bankruptcy Procedure 6006(c), the Debtor submits that no further notice is necessary.

**WHEREFORE**, the Debtor, LTAC Hospital of Edmond, LLC, respectfully requests that the Court enter an order approving LTAC Hospital of Edmond, LLC's rejection of the physician contracts listed herein, and for such other and full relief as is justified in the premises.

Alexandria, Louisiana, this 22nd day of November, 2017.

Respectfully submitted,

**GOLD, WEEMS. BRUSER, SUES & RUNDELL**

By:    **/s/Bradley L. Drell**
Bradley L. Drell (Bar Roll #24387)
Heather M. Mathews (Bar Roll # 29967)
B. Gene Taylor, III (Bar Roll #33407)
P. O. Box 6118
Alexandria, LA   71307-6118
Telephone: (318) 445-6471
Facsimile:  (318) 445-6476
e-mail: bdrell@goldweems.com

**ATTORNEYS FOR DEBTORS AND**
**DEBTORS IN POSSESSION: ACADIANA**
**MANAGEMENT GROUP, L.L.C., ET AL.**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 17-50799 |
| | |
| ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1] | CHAPTER 11 |
| | |
| DEBTORS | JOINTLY ADMINISTERED |

---

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the foregoing *Motion to Reject Physician Contracts* on the following:

1.   Office of the United States Trustee, Gail McCulloch, 300 Fannin Street, 3196 Federal Building, Shreveport, Louisiana 71101;

2.   Dr. John Chiaffitelli, Firstcare Medical Services, P.C., 1601 SW 89th St., Oklahoma City, Oklahoma 73159; and

3.   OK Independent Provider Network, LLC, 15601 Kestral Park Court, Edmond, Oklahoma 73013,

by placing a copy of same in the U. S. Mail, properly addressed, with prepaid postage affixed.

Alexandria, Louisiana, this 22nd day of November, 2017.


                        /s/Bradley L. Drell
                        OF COUNSEL

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814