UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-50799 |
| | § | |
| ACADIANA MANAGEMENT GROUP, L.L.C. *ET AL*[1], | § | CHAPTER 11 |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

### OBJECTION TO FIRST AMENDED DISCLOSURE STATEMENT RELATING TO CHAPTER 11 PLAN OF REOGRANIZATION FOR ACADIANA MANAGEMENT GROUP, LLC, ET AL

**NOW INTO COURT**, through undersigned counsel, comes the Official Committee of Unsecured Creditors (the "Committee") of the above captioned debtors and debtors-in-possession (the "Debtors"), which hereby files this Objection (the "Objection") to the Debtors' *First Amended Disclosure Statement Relating to Chapter 11 Plan of Reorganization for Acadiana Management Group, LLC, et al.* [Dkt. No. 539] (the "Amended Disclosure Statement"), and respectfully states as follows:

### Preliminary Statement

1. While the Debtors resolved many of the deficiencies to the original Disclosure Statement, the Committee maintains its objection to the approval of the Amended Disclosure Statement. The Amended Disclosure Statement still fails to provide adequate information as required by Bankruptcy Code Section 1125(a) in order for creditors to make an informed

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque - AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana - AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa - AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana - Denham Springs, L.L.C., Case No. 17-50805; Las Vegas - AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma - AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814.

{00360958-3}

decision regarding acceptance or rejection of the Plan. The Amended Disclosure Statement is deficient in many respects which are set forth herein.

2. As noted before with respect to the Plan, the Amended Plan is also not confirmable as it impermissibly (a) substantively consolidates the Debtor entities (the Plan says the consolidation is for voting and distribution "only", as if any other corporate nuances make a difference to the unsecured creditors here), (b) radically discriminates among unsecured creditors (some are paid in full and will receive $2.9 million; others get peanuts, if that), (c) treats the Class 3 BOKF RLOC Claim of $11.5 million in an unfair and discriminatory manner, and (d) inexplicably favors the existing equity owners, including providing impermissible third-party releases in derogation of the law of the Fifth Circuit Court.

**Background**

3. On June 23, 2017, the Debtors filed for bankruptcy relief under Chapter 11 of Title 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On July 28, 2017, the United States Trustee appointed the Committee consisting of the following members: (a) Medline Industries, Inc. (b) Accountable Healthcare Staffing; (c) CHCT Louisiana, LLC ("CHCT"); (d) Rehabilitation Hospital of Acadiana, LLC; and (e) Stability Biologics, LLC. [Dkt. No. 180]. No trustee or examiner has been appointed.

5. On November 17, 2017, the Debtors filed the *Chapter 11 Plan of Reorganization for Acadiana Management Group, LLC, et al. November 17, 2017* [Dkt. No. 477] (the "Plan")[2] and the Disclosure Statement. The Court scheduled the hearing on the adequacy of the

---

[2] Capitalized terms not defined herein are as defined in the Plan.

{00360958-3}

2

Disclosure Statement on an expedited basis for November 28, 2017. The Committee and CHCT did not object to the expedited setting hoping that the Debtors would put forth an adequate disclosure statement and a confirmable plan.

6. Numerous parties filed objections to the original Disclosure Statement including the Committee. At the hearing, the Debtors did not go forward on the hearing on the adequacy of the original Disclosure Statement and requested ten days to file an amended Disclosure Statement.

7. On December 8, 2017, the Debtors filed the Amended Disclosure Statement and the *First Amended Chapter 11 Plan of Reorganization for Acadiana Management Group, LLC et al* [Dkt. No. 538] ("Amended Plan").[3] As noted, the Amended Disclosure Statement addressed many of the deficiencies (with respect to information but not with respect to treatment) raised by the Committee in its objection [Dkt. No. 524] ("Original Objection").[4] However, the Committee still has remaining objections to the Amended Disclosure Statement which should be addressed.

## Remaining Objections

8. The most fundamental continuing flaw in the Amended Disclosure Statement is that it is still impossible to determine how much Class 8 – General Unsecured Claims are recovering under the Plan. The Debtors provide that the general unsecured creditors are going to receive a combination of: (i) possible payments from the Liquidating Trust after plan payments to Bank of Oklahoma ("BOKF") (the payments to BOKF ahead of distributions to unsecured creditors are difficult to follow, but seemingly BOKF is treated as a fully secured creditor, notwithstanding the lack of explanation of how that can possibly be so in view of the suggested valuations); (ii) 3.0% of the Equity Interest in the NewCo, which is estimated to be worth

---

[3] Capitalized terms not defined herein are as defined in the Amended Plan.

[4] The Committee incorporates the law and arguments set forth in the Original Objection as is fully set forth herein.

$385,000 based on the mid-point valuation of Newco at $9.4 million, but the Debtors believe that there was a huge error in their mid-point valuation of the Reorganized Debtors, which will drastically reduce or eliminate any value of the 3% interest provided to the unsecured creditors.[5]

9. The Debtors should explain clearly and succinctly, in plain writing, (a) the value of the collateral for the BOKF working capital loan under the Plan as estimated in accordance with Section 506 of the Bankruptcy Code, (b) why BOKF is being treated as a fully secured creditor under the Plan, and the estimated sources of repayment in full of the BOKF debt of $11.5 million[6], (c) the value of the Reorganized Debtors upon emergence, (d) the value of the new equity interests and releases of claims to be received by the existing owners under the Plan, and compare that value to the value of contributions of "money or money's worth" to the reorganization by the existing owners, (e) what efforts if any have been made to market these equity interests to be issued under the Plan (which are different assets than the operating assets themselves which were previously marketed with no success), and (f) the estimated recoveries for the general unsecured creditors, so that they can make an informed decision on the Amended Plan.

10. In addition, the Committee also has some "one off" requests for additional information or clarification which will help make the Amended Plan more comprehensible:

(a) Explain more fully the assumed recoveries on the secured claims and demonstrate that all of the assumed recoveries reduce the amount of the unsecured debt;

---

[5] Presumably the Debtors are revising and updating the enterprise valuations of the reorganized debtors and will amend the Amended Disclosure Statement to reflect the impact of those revisions on the values being distributed to creditors and others under the Amended Plan.

[6] Is it possible that the structure of the Plan allows BOKF to not voluntarily not collect proceeds from its own collateral at confirmation, allowing those assets to "roll over" to the Reorganized Debtors, and then BOKF can seek to recover those amounts - which BOKF is voluntarily allowing to be invested into the Reorganized Debtors - from unsecured pre-petition creditors through preference recoveries, because "BOKF retains its rights to assert a claim for diminution of the LOC collateral against the assets placed in the Liquidating Trust", which assets include the avoidance claims against everyone but the owners? This seems to be what the Amended Plan provides.

(b) Clarify the explanations of the timing of changes in reimbursement which led to the bankruptcy filing and when the transfer of $7 million was made to the insiders. Is it correct that the transfers were made after the enabling legislation was passed by Congress in 2013 but before the regulations affecting reimbursements to AMG and affiliates in September 2016?

(c) State that the Committee disagrees with the Debtors' analysis with respect to the claims against the insiders and the consolidation of the Debtors under the Amended Plan;

(d) State that the Committee objects to the Amended Plan and is recommending to general unsecured creditors that they do not vote to accept the Plan, and will include a letter to that effect in the solicitation package;

(e) Explain the basis for the discrimination between Class 8A General Unsecured Claims and Class 8B Critical Vendors;

(f) Clarify that Class 8A and Class 8B are separate classes for purposes of voting on the Amended Plan;

(g) Provide the general unsecured creditors with a clear and concise picture of the assets and/or value being provided to them under the Amended Plan; and

(h) Provide the amount of secured debt that is being paid down or the amount of the secured lenders' remaining deficiency claim under the Amended Plan.

**Committee Reserves Any and All Objections to the Amended Disclosure Statement and Confirmation of the Amended Plan.**

11. The Committee continues to review the Amended Disclosure Statement and Amended Plan, and reserves any and all rights in connection with the Amended Disclosure Statement and Amended Plan. The Committee recognizes this is a hearing on the adequacy of

the Amended Disclosure Statement and with this recognition, the Committee reserves any and all objections to the confirmation of the Amended Plan, including, but not limited to the absolute priority rule and lack of good faith. The Committee further reserves the right to amend or supplement this objection in advance of or in connection with the hearing on the Amended Disclosure Statement.

## Conclusion

**WHEREFORE**, for the reasons set forth herein, the Official Committee of Unsecured Creditors requests that the Court sustain its objection and not approve the Amended Disclosure Statement. The Committee requests all other general and equitable relief to which it may be entitled.

Dated: December 18, 2017.

Respectfully submitted,

*/s/Tristan Manthey*
William H. Patrick, III (La. Bar No. 10359)
Tristan Manthey (La. Bar No. 24539)
Cherie Dessauer Nobles, (La. Bar No. 30476)
**Heller, Draper, Patrick, Horn & Manthey, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6175
Telephone: 504-299-3300
Fax: 504-299-3399
**Counsel for Official Committee of Unsecured Creditors**