# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 17-50799 |
| | § | |
| ACADIANA MANAGEMENT GROUP, L.L.C., ET AL.[1] | § | CHAPTER 11 |
| | § | |
| Debtors. | § | |

## OBJECTION OF BOKF, NA TO CONFIRMATION OF DEBTORS' FOURTH AMENDED PLAN OF REORGANIZATION

NOW INTO COURT, through undersigned counsel, comes BOKF, NA dba Bank of Oklahoma ("**BOK**"), a creditor herein, who files this objection (the "**Objection**") to confirmation of the Fourth Amended Plan of Reorganization [*Doc. No. 629*] (the "**Plan**"), as currently written, filed by the above-captioned Debtors (the "**Debtors**") in these cases. In support of this Objection, BOK respectfully represents as follows:

## RELIEF REQUESTED

1. BOK objects to the Plan filed by the Debtors in the above-captioned matters and seeks entry of an order denying confirmation of the Plan unless the provisions for the Liquidation Trust are revised.

2. BOK respectfully requests that, pursuant to 11 U.S.C. §§ 1123(a)(4), 1123(a)(7), and 1129(a)(1), this Honorable Court deny confirmation because the Plan proposes unequal

---

[1] AMG Hospital Company, L.L.C., Case No. 17-50800; AMG Hospital Company II, L.L.C., Case No. 17-50801; Albuquerque – AMG Specialty Hospital, L.L.C., Case No. 17-50802; Central Indiana – AMG Specialty Hospital, L.L.C., Case No. 17-50803; Tulsa – AMG Specialty Hospital, L.L.C., Case No. 17-50804; LTAC Hospital of Louisiana – Denham Springs, L.L.C., Case No. 17-50805; Las Vegas – AMG Specialty Hospital, L.L.C., Case No. 17-50806; LTAC Hospital of Greenwood, L.L.C., Case No. 17-50807; LTAC of Louisiana, L.L.C., Case No. 17-50808; Houma – AMG Specialty Hospital, L.L.C., Case No. 17-50809; LTAC Hospital of Edmond, L.L.C., Case No. 17-50810; LTAC Hospital of Wichita, L.L.C., Case No. 17-50811; AMG Realty I, L.L.C., Case No. 17-50812; CHFG Albuquerque, L.L.C., Case No. 17-50813; and AMG Realty Youngsville, L.L.C., Case No. 17-50814.

1

treatment of general unsecured creditors and because selection of the Oversight Committee is not in the interests of all general unsecured creditors.

## FACTS

3. On January 3, 2018, the Debtors filed their Plan [*Doc. No. 629*].[2]

4. Under the Plan, Class 8A is comprised of general unsecured creditors.[3]

5. The Plan provides that, upon the Plan's Effective Date, the Debtors' and the bankruptcy estates' right, title and interest in Avoidance Actions[4] will vest in a Liquidation Trust. [*Doc. No. 629, arts. 1.1.47 & 7.3.1*] The Liquidation Trust will be administered by a Liquidation Trustee selected by an Oversight Committee. [*Doc. No. 629, arts. 1.1.45 & 1.1.51*] The Oversight Committee will be appointed by the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"). [*Doc. No. 629, art. 7.6.1*]. The Liquidation Trust will be administered by the Liquidation Trustee with advice and assistance of the Oversight Committee. [*Doc. No. 629, art. 7.4*].

6. The Liquidation Trustee will be responsible for pursuing any and all claims arising under chapter 5 of the Bankruptcy Code and all similar actions under applicable law, including, but not limited to, preferences under Section 547 of the Bankruptcy Code. [*Doc. No. 629, art. 6.5*]. According to the Debtors' Disclosure Statement, the gross amount of potential preferential transfers made by the Debtors is $15,000,000.00. [*Doc. No. 650, art. VIII(C)*].

7. BOK is a member of Class 8A by virtue of its unsecured deficiency claim on its Term Loan. *See*, Joint Motion to Approve Settlement Agreement to Estimate Claims of Bank of

---

[2] The Terms defined in the Plan are adopted herein, unless otherwise indicated.
[3] Class 8B is comprised of critical vendors.
[4] "Avoidance Actions" are defined within the Plan to mean all causes of action of the bankruptcy estates that arise under chapter 5 of the Bankruptcy Code, including under section 503, 542, 544, 545, 547, 548, 549, 550, 551, 552, and/or 553 of the Bankruptcy Code, and any other avoidance actions under the Bankruptcy Code or applicable non-bankruptcy law and the proceeds thereof and property received thereby whether by judgment, settlement, or otherwise. [*Doc. No. 629, art. 1.1.8*].

Oklahoma for Purposes of Plan Voting [*Doc. No. 697*]; Case. No. 17-50799, Claim No. 102-1; Case. No. 17-50800, Claim No. 3-1; Case. No. 17-50801, Claim No. 3-1; Case. No. 17-50812, Claim No. 2-1; Case. No. 17-50813, Claim No. 2-1.

## **LAW AND ARGUMENT**

8. Section 1129(a)(1) of the Bankruptcy Code provides that a plan cannot be confirmed if it does not comply with applicable provisions of the Bankruptcy Code. Two applicable provisions of the Bankruptcy Code are § 1123(a)(4) and § 1123(a)(7).

9. Section 1123(a)(4) of the Bankruptcy Code states that a plan must "provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to less favorable treatment of such particular claim or interest[.]" This section requires that a plan provide for equality of treatment among members of the same class of claims. *In re U.S. Brass Co.*, 169 F.3d 957, 958 (5th Cir. 1999) (unless disparate treatment is consented to).

10. The "equal treatment" requirement applies both to payments to creditors within the same class and to the process designed to satisfy claims of the same class. *In re W.R. Grace & Co.*, 475 B.R. 34, 121 (D. Del. 2012), *aff'd sub nom. In re WR Grace & Co.*, 729 F.3d 332 (3d Cir. 2013), and *aff'd,* 532 F. App'x 264 (3d Cir. 2013), and *aff'd,* 729 F.3d 311 (3d Cir. 2013), and *aff'd sub nom. In re WR Grace & Co.*, 729 F.3d 332 (3d Cir. 2013).

11. Members of Class 8A are subject to unequal treatment because the selection of the Oversight Committee and, therefore, of the Liquidation Trustee, will be controlled by the current members of the Creditors' Committee. The Creditors' Committee is comprised of trade creditors—Medline Industries, Inc. (Chair), Accountable Healthcare Staffing, Rehabilitation Hospital of Acadiana LLC, and Stability Biologics LLC. [*Doc. No. 116*]. Upon information and

3

17-50799 - #748  File 02/20/18  Enter 02/20/18 14:23:29  Main Document  Pg 3 of 6

belief based on estimates from the Debtors' professionals, these Creditors' Committee members have a combined preference exposure of approximately $850,000.00. The Committee Chair alone is estimated to have the largest preference exposure of any unsecured creditor, at approximately $670,000.00.

12. The Plan provides that an Oversight Committee will be selected by the Creditors' Committee members, who in turn will select a Liquidation Trustee who, in turn, will decide whether to pursue preference claims against, among others, the members of the Creditors' Committee. The Oversight Committee is tasked with providing advice and assistance to the Liquidation Trustee on whether, and how aggressively, to pursue preference claims.

13. The Plan provisions governing the selection of the Oversight Committee propose unequal treatment of Class 8A members because the Plan provides no mechanism for creditors such as BOK, a non-trade creditor, a seat on the Oversight Committee. Upon information and belief, BOK holds the largest unsecured claim in these cases, comprising at least 45% of the Class 8A claims pool. Instead, the Plan proposes to allow select unsecured trade creditors, with large preference exposure themselves, to run the Oversight Committee.

14. Section 1123(a)(7) of the Bankruptcy Code requires a plan to "contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to manner of selection of any . . . trustee under the plan . . . ."

15. Bankruptcy courts have held that provisions addressing the manner of selection of a liquidating trustee comply with § 1123(a)(7) when the identity and affiliations of the trustee are disclosed and where the trustee is selected with agreement and consent of the parties in interest. *See*, *e.g.*, *In re Hydroscience Techs., Inc.*, No. 17-41442-RFN11, 2018 WL 672507, at *7 (Bankr. N.D. Tex. Jan. 31, 2018) (disclosing identity and affiliations of trustee); *In re Cano Petroleum,*

*Inc.,* No. 12-31549-BJH-11, 2012 WL 2931107, at *6 (Bankr. N.D. Tex. July 18, 2012) (approving selection of trustee with agreement and consent of interested parties).

16. The Plan provisions on the selection of the Oversight Committee and, by extension, selection of the Liquidation Trustee, violate § 1123(a)(7) because they are not in the interest of all the general unsecured creditors in Class 8A. As noted above, the Plan provides for selection of the Oversight Committee by self-interested Creditors' Committee members.

17. BOK objects to confirmation of the Plan unless it is amended to provide for the representation of non-trade creditors on the Oversight Committee. BOK respectfully suggests the Plan be amended to provide that the creditors with the three largest unsecured claims be appointed to the Oversight Committee.

## **CONCLUSION**

18. The Plan, as currently written, cannot be confirmed. The process of claim payment within Class 8A provides for disparate treatment favoring trade creditors with preference exposure, in violation of § 1123(a)(4). And the selection of the Oversight Committee and, by extension, the Liquidation Trustee is not in the interests of the Class 8A members, in violation of § 1123(a)(7). Therefore, the Plan fails to satisfy § 1129(a)(1) and cannot be confirmed.

**WHEREFORE**, BOKF, NA dba Bank of Oklahoma, prays that this Honorable Court:

A. Deny confirmation of the Fourth Amended Plan of Reorganization [*Doc. No. 629*], as currently written; and

B. Grant BOKF, NA such other and further relief as is just and equitable.

Respectfully submitted, this 20th day of February, 2018.

**MCGLINCHEY STAFFORD**

*/s/ Rudy J. Cerone*_____
Rudy J. Cerone (La. Bar No. 14137)
Sarah E. Edwards (La. Bar No. 36444)
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone: (504) 596-2786
Facsimile: (504) 910-9362
E-mail: rcerone@mcglinchey.com
　　　　 sedwards@mcglinchey.com

*Attorneys for BOKF, NA dba Bank of Oklahoma*

6